Íudqe Simpson
delivered the opinion of the Court.
The plaintiff in error was indicted for an assault and fined fifty dollars. The first assignment of error, is that the individual who acted as foreman of the grand-jury when the indictment was found, was also one of the jury that tried the case. There is, however, nothing to show that such was the fact, only that a person of the same name was upon both juries. This question was not made in the Court below, nor any exception taken to the juror upon this ground. They may have been different persons, or the juror may have been accepted without objection, although it was known to the plaintiff in error that he had been a member of the grand-jury. But whether or not, it istoo late fo raise this objection for the first time in this Court.
Another assignment of error is, that the Court erred in permitting evidence to go before the jury of two different and distinct assaults, committed by the plaintiff in error, when there was but one charged in the indicV *226 ment to have been committed by him. It is unnecessary to determine whether the evidence proved two distinct offences, or the mere continuation of one assault. It was not objected to at the time it was detailed by the witness, or at any time during the progress of the trial» If it were improper testimony, it was incumbent upon the plaintiff in error to have excepted to its admission, or to have moved its exclusion after it had been admitted. It was for the first time objected to, upon a motion for a new trial. It was then too late. All exceptions to it, if any existed, must be regarded as having been waived by the failure to present them in apt and proper time.
In prosecutions involving the character of the defendant lie may give evidence of general good character. —A prosecution for an assault does not so involve character as to authorize proof on the part of the defendant of general good character. (3 StarMe on Mv, 365,
W. L. Underwood for plaintiff; J. Harlan, Attorney úeneral for Commonwealth»
Upon the trial, the plaintiff in error offered evidence to prove his general good character and usual peaceable deportment as a citizen. This evidence was objected to, and the objection sustained by the Court. This decision of the Court is questioned by another assignment of error.
In cases of misdemeanors, unless the character of the defendant is involved in the charge, and put in jeopardy, evidence of his good character is not admissible: (3 vol. Starkie on Evidence 365.) The proceeding itself did not involve the character of the defendant. The testimony adduced to establish the assault, was direct and positive and not circumstantial. It was given by the person upon whom the assault was committed. Evidence impeaching the credibility of the witness might have weakened the force of his testimony and have rendered the guilt of the accused somewhat doubtful? but how this effect could have been produced by the evidence offered and rejected, so long as the direct and positive proof remained unimpeached and uncontradicted, it is difficult to perceive. The evidence offered was not admissible, and its rejection was therefore proper.
’Wherefore,, the judgment is affirmed.