## Bruner v. Commonwealth.

(Decided September 30, 1921.)

### Appeal from Boyd Circuit Court.

1. Searches and Seizures—Presumptions.—Nothing to the contrary appearing, it will be presumed that in the issuance of a warrant to search one's premises for liquor, under the act of 1920, the statutory requirements were present.

2. Searches and Seizures—Agreement that Search May be Made.—
   One who voluntarily agrees that his premises might be searched
   by a peace officer cannot thereafter complain that the search was
   made without a warrant.

3. Criminal Law—Searches and Seizures—Stolen Articles Found—
   Evidence.—Though liquor thought to be unlawfully in the posses-
   sion of accused was not found in the search of the latter's prem-
   ises, other articles of merchandise, such as shoes shown to have
   been stolen, found as a result of such a search, may be used by
   the Commonwealth as evidence against the offender.

J. S. FULLERTON for appellant.

CHAS. I. DAWSON, Attorney General, and CHAS. W. LOGAN, As-
sistant Attorney General, for Commonwealth.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellant was indicted and convicted of feloniously
breaking into a store room and stealing goods therefrom.
He was sentenced to serve a four year term in the peni-
tentiary, complaining of which judgment he has ap-
pealed.

The chief of police of Ashland and other police officers,
while secreted in a building close to appellant's house,
saw two men with several packages and a bundle of boxes
tied together enter the building occupied by appellant.
This was about four o'clock a. m. Immediately there-
after the police officers went to appellant's abiding place
and there in the loft they found thirty-eight pairs of new
shoes. The shoes were later identified as the property
of Gray & Poor, whose store was broken into the same
night.

The police officers did not know appellant, and at the
time they went to his house they had not heard of the
robbery at the shoe store. The officers had in their
possession a "John Doe" search warrant issued by the
police judge on the information of one Watkins that
illicit liquor was concealed in the building at 113 E.
Winchester avenue, the premises occupied by appellant.

Appellant's chief insistence is that his motion for a
peremptory instruction should have prevailed. This is
on the theory that the officers' only authority for making
the search and seizure was the search warrant, that it
was not for the accused nor for the property seized and
was not issued upon the oath of two reputable citizens as
required by law.

Both the federal and state constitutions guarantee
to the people security of their persons, houses and pos-

sessions from unreasonable search and seizure—rights that will be protected, though to do so in certain instances might retard or defeat the ends of justice.

The courts have ever protected the sanctity of the home and will always guard with zealous care one's indefeasible right of personal security, personal liberty and private property where that right has never been forfeited by his conviction of some public offense. Boyd v. United States, 116 U. S. 616, 29 Law Ed. 746.

As aptly said in the case *supra*:

"Any compulsory discovery by extorting the party's oath, or compelling the production of his private books and papers, to convict him of crime, or to forfeit his property, is contrary to the principles of a free government. It is abhorrent to the instincts of an Englishman; it is abhorrent to the instincts of an American. It may suit the purposes of despotic power, but it cannot abide the pure atmosphere of political liberty and personal freedom."

See in this connection Youman v. Commonwealth, 189 Ky. 152, 224 S. W. 860, and Turner v. Commonwealth, 191 Ky. 825, 231 S. W. 519. To the same effect see Gould v. United States, 41 Sup. Ct. Rep. 261, U. S. ——; 65 L. Ed. 311.

In the Youman case the search of the premises was made without a search warrant, in the instant case there was a search warrant but its validity is attacked.

Sec. 31 of chap. 81, Acts 1920, provides that:

"Any judge or justice of the peace, when affidavits of any state or federal officer and one other reputable citizen, or when the affidavits of two reputable citizens, are filed with him describing the premises as nearly as may be, where intoxicating liquors are sold or suspected of being sold or disposed of, in violation of this act, may by his warrant cause any house or building or other place to be searched by night or by day for the detection of any intoxicating liquors which are kept there for the purpose of sale or other disposition, in violation of this act, . . . "

The record does not show that the necessary affidavits were not filed. No demurrer or other step attacking the sufficiency of the warrant was interposed in the lower court and no reference made to it in the motion for a new trial, so that in any event it is too late now to raise the question. Cheek v. Commonwealth, 162 Ky. 56, 171 S. W. 998. As said in Frogg v. Commonwealth, 163 Ky. 175, 173 S. W. 383;

"For the purpose of this case, conceding that the judge acted unlawfully in issuing the warrant without the affidavits, yet if the party was, in fact, guilty of the offense charged, the absence of affidavits to support the warrant cannot serve as a defense in the prosecution."

Aside from the question of the validity of the warrant, the facts of this case are clearly distinguishable from those in the Youman case. The chief of police says he told accused he had a search warrant to search his house for some liquor—he both showed and read the warrant to him—whereupon appellant said, "all right, go ahead and search."

The Youman opinion recognizes the exception to the general rule that a search without a warrant is not unlawful where the consent or permission of the one in possession is given for that purpose. This is illustrated by the case of Banks v. Commonwealth, 190 Ky. 330, 227 S. W. 455, wherein we held that the general rule does not apply to a search of one's premises, though without a warrant, if done with the permission, voluntary agreement or consent of the person in rightful possession of the place searched. And further, that articles found as a result of such a search may be relied upon by the Commonwealth as evidence against the offender.

Appellant did not take the stand; the only two witnesses introduced by the Commonwealth were the chief of police and a member of the firm of Gray & Poor. There is no showing that the warrant was not properly issued, but had it been invalid, accused's consent was sufficient authority to the officer to enter and search the premises. The verdict of guilty is amply supported by the evidence.

Finding no ground justifying a reversal of the judgment, same is accordingly affirmed.