## Carter v. Commonwealth.

(Decided January 23, 1923.)

### Appeal from Floyd Circuit Court.

Intoxicating Liquors—Affidavit for Search Warrant on Information Insufficient.—Under Constitution, section 10, forbidding search warrant "without probable cause, supported by oath or affirmation," an affidavit which merely states that the affiant "has information" that J. H. C. has in his possession Jamaica ginger or other intoxicating beverage for the purpose of sale, is insufficient.

B. M. JAMES and A. J. MAY for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant was convicted of an alleged violation of the prohibition act, and the only question we deem it neces-

sary to consider is whether the evidence tending to show his guilt should have been excluded on the ground that it was obtained by an illegal search and seizure.

It appears that the search warrant was issued on the following affidavit: "The affiant, Epp Laferty, states that he has information that J. H. Carter has in his possession Jamaica ginger or other intoxicating beverage for the purpose of sale." We need go no further than to say that it is now the settled rule in this state that an affidavit which merely states that the affiant "has information" that a certain state of case exists is not sufficient. Price v. Commonwealth, 195 Ky. 711, 243 S. W. 927. It follows that the search and seizure were illegal, and that the evidence thereby obtained should have been excluded.

Judgment reversed and cause remanded for new trial consistent with this opinion.