## Gray v. Commonwealth.

(Decided April 13, 1923.)

### Appeal from Trigg Circuit Court.

1. Searches and Seizures.—Consent of Householder to Search Dispenses with Necessity for Warrant.—The consent of a householder to the search of the house dispenses with the necessity for a search warrant, so that defendant could not attack the sufficiency of the warrant, nor of the affidavit upon which it was issued, where his mother, with whom he was living, consented to the search, though defendant later objected to the search of his room.

2. Searches and Seizures—Accused Must Introduce Affidavit for Warrant if He Relies on Insufficiency.—If defendant relies upon the insufficiency of the affidavit upon which the search warrant was based, it is his duty himself to introduce it in evidence.

3. Criminal Law—Failure to Object or Except to Oral Instruction Waives Objection.—Where accused did not object or except to the action of the court in instructing the jury orally, he waived his objection to that method of instructing.

4. Intoxicating Liquors—Instruction on Lawful Possession Unnecessary Where Defendant's Evidence Showed Unlawful Transportation.—Even though defendant's testimony showed that he purchased the liquor found in his room at a time when Acts 1920, c. 81, was in effect, he was not entitled to an instruction under section 8 of that act, making it lawful to possess liquors in a private dwelling for personal use, where his evidence also showed that he necessarily transported the whiskey after purchasing it, which transportation was unlawful under the act of 1920, since he could not lawfully possess the liquor at his home if he had broken the law in taking it there.

G. P. THOMAS for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, JAS. H. COLEMAN and JOHN T. KING for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

A warrant was issued upon affidavit against appellant charging him with unlawfully having in his possession spirituous liquors. Having been tried and fined in the county or quarterly court, he appealed to the circuit court and there, again, he was found guilty and now prosecutes this appeal.

He is a young man twenty-three or twenty-four years of age and lives with his mother at Cadiz in Trigg county. The mother was either the owner or in control of the household, and defendant occupied a room and made his home there with her. A short time before his arrest there was issued a search warrant which was placed in the hands of the sheriff, purporting to authorize him to search the premises of the mother. The officer and an assistant went to the home of Mrs. Gray in appellant's absence, and there by the consent and agreement of Mrs. Gray proceeded to search the premises. About the time they were finishing the search in appellant's room he arrived and questioned their right to search his room, but they completed the search under the assertion of a right

to do so, and found therein a half-pint bottle with a small quantity of white or moonshine whiskey in it, and two larger jars, one of which was partially filled with water and the other possibly having a very small quantity of liquor of some kind.

On the trial in the circuit court neither the search warrant nor the affidavit upon which it was based was introduced in evidence, and it is insisted for appellant that as he objected to the introduction of this evidence it was incompetent because the Commonwealth failed to introduce or account for the absence of the search warrant, as held in the case of Adams v. Commonwealth, 197 Ky. 235. Except for the agreement of the householder that the officers might make the search the point would be well taken, but the evidence shows without contradiction that Mrs. Gray agreed that the officers might search her home, and it has been held by this court that where there is such consent for a search that the officer may make the same even though he has no warrant or an insufficient one. Banks v. Commonwealth, 190 Ky. 330; Bruner v. Commonwealth, 192 Ky. 386.

Under the rule in Terrell v. Commonwealth, 196 Ky. 288, it was the duty of the defendant himself to introduce the affidavit upon which the search warrant was based if he relied upon its insufficiency; but while this was not done on the trial, for the first time, in supplemental motion and grounds for a new trial, he copied the affidavit and sought a new trial because of its insufficiency, although he did not in such grounds rely upon same as newly discovered evidence or account in any way for his failure to introduce the same upon the trial.

But if appellant had introduced on the trial the affidavit, and both it and the search warrant had been wholly insufficient, still under the doctrine of the Banks and Bruner cases cited, the sufficiency or insufficiency of either the affidavit or the search warrant was wholly immaterial, as the consent of the householder made the evidence discovered competent without any search warrant.

The defendant on the trial offered two written instructions, each of which the court declined to give; and then the court on its own motion orally instructed the jury. The defendant complains of the oral instructions, but the bill of exceptions fails to disclose that he objected or excepted to the action of the court in thus instructing the jury, and under the repeated rulings of this court he thereby waived the same.

The defendant testified that the whiskey found in his room was the last of a gallon of whiskey purchased by him from a man named Boyd in the summer of 1921; that he carried the same to his home and kept it for his own use for medicine, and that found in the half-pint bottle was the last of it. This was the only evidence on this subject. Upon the idea that the evidence thus showed he had lawfully acquired this whiskey because under the act of 1920, which was in effect in the summer of 1921, it was not unlawful for him to purchase the whiskey and no penalty was prescribed for such purchase, he complains of the failure of the court to give an instruction offered by him under the provisions of section 8 of the act of 1920. That section provides, among other things, that the act shall not be so construed as to make it unlawful to possess liquors in one's private dwelling, occupied and used by him as such, provided such liquors are for the personal use of the owner and his family residing therein and his *bona fide* guests when entertained by him therein, and then proceeds to put the burden of proof upon the possessor in any action concerning the same to show that such liquor was lawfully acquired, possessed and used.

While it is true that under the act of 1920 there is no penalty prescribed for the purchase by one of illicit liquor, under that act it is provided that the transportation of such liquor is unlawful, and a penalty is fixed therefor. The evidence of the defendant in this case shows that he and another went some distance from Cadiz in a car and procured this whiskey and that he then took it to his home in Cadiz. In other words, he transported this liquor from the place where he got it in the country to his home, and was guilty of an infraction of the law then in force, and manifestly, therefore, it was not lawfully possessed by him at his home, for he had been guilty of an infraction of the law in getting it to that place.

The case of Whitehead v. Commonwealth, 192 Ky. 428, relied on by appellant, is not contrary to this view. In the first place, that was an indictment under the act of 1920 for the offense of keeping intoxicating liquors for sale and the defense was that the defendant kept the liquor for his own personal consumption, as permitted by section 8 of the act, and the judgment was reversed because the court declined an instruction based upon such evidence of the defendant.

In the next place, so far as is disclosed by the opinion, there was no evidence that the defendant in that case had been guilty of any infraction of the 1920 act.

Judgment affirmed.