## Mattingly v. Commonwealth.

(Decided May 1, 1923.)

### Appeal from Union Circuit Court.

1. Criminal Law—Searches and Seizures—Search Warrant Based on Insufficient Affidavit is Invalid and Evidence Procured Thereunder is Inadmissible.—A search warrant, based on an insufficient affidavit, is invalid, and evidence obtained under or by virtue of it is inadmissible against the accused.

2. Criminal Law—Consent to Search Under Warrant Regular on its Face Does not Waive Objection to Admission of Evidence.—Where an officer presented to defendant a search warrant regular on its face, defendant's consent to search thereunder was not voluntary, but was merely submission to the authority of the law, and did not waive his right to object to evidence procured thereby be-

cause the affidavit on which the search warrant was based was insufficient.

TRUMAN DRURY and F. J. PENTECOST for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

J. A. and J. L. Mattingly were indicted in the Union circuit court on the charge of unlawfully having in their possession spirituous liquor, etc., and at the trial J. A. Mattingly was found not guilty while J. L. Mattingly was convicted and his punishment fixed at a fine of $300.00 and confinement in the county jail for a period of sixty days. A number of errors are alleged, but in view of our conclusion that the case should be reversed on account of the admission of incompetent evidence it is unnecessary to consider the other grounds urged.

It appears that the sheriff and a posse went to the premises of the appellant for the purpose of searching them; that this was done under the authority of a search warrant, regular on its face but obtained by an admittedly insufficient affidavit. Upon their arrival they met Mrs. J. A. Mattingly. The sheriff read the warrant to her and she invited them in. They began their search, but before proceeding further discovered J. L. Mattingly lying on a couch. They aroused him and the sheriff presented the warrant and read it to him, and he said, "All right, go ahead." The deputies then went upstairs and searched the house without finding anything, and the sheriff told Mr. Mattingly, "Well, we will go on the outside," and he said, "All right." They then went to a stable and discovered in the stable loft, under some hay, three five-gallon jugs and two one-gallon jugs containing whiskey, seventeen gallons in all. These facts were elaborately detailed by various members of the posse, and constituted the only evidence against the defendant.

A search warrant based on an insufficient affidavit is invalid, and evidence obtained under or by virtue of it is inadmissible against the accused. Colley v. Comlth., 195 Ky. 706.

The Commonwealth concedes as much but insists that appellant consented to the search, and that thereby the evidence obtained is made competent regardless of the

validity or even the existence of the warrant, and the cases of Gray v. Comth., 198 Ky. 610; Banks v. Comth., 190 Ky. 330; Bruner v. Comlth., 192 Ky. 386, are cited in support of this position.

To authorize a search of one's premises in the absence of a valid warrant his consent or permission must be voluntary and not compulsory. Where a peace officer presents to a citizen a warrant against him, regular on its face, and reads or offers to read it to him, and the latter agrees for him to proceed under it by a search of the premises, if a search warrant, or by accompanying the the officer if a warrant of arrest, it cannot be said that such consent is voluntary.

The officer is acting under color of authority, and in agreeing for him to proceed the accused is merely submitting to constituted authority and not agreeing to waive his constitutional rights; indeed, for him to do otherwise might constitute resisting an officer in the discharge of his duty. Clearly this consent was given under compulsion, and the evidence thereby obtained was inadmissible.

In the Gray case cited, *supra,* the defendant was a young man living with his mother, who had possession and control of the premises and who apparently voluntarily consented to the search. In the Barnes case the father of the defendant was in possession and voluntarily procured the articles in question, and delivered them to the officer, and unquestionably the evidence was admissible in both cases.

In the Bruner case it appears that some officers saw two men with several packages enter a building occupied by appellant. They secured a search warrant and went to the building and read the warrant to appellant, whereupon he said, "All right, go ahead and search." The court held that there was no showing that the warrant was not properly issued, and this seems to be the basis of the decision. However, it did say, "But had it been invalid, the accused's consent was sufficient authority for the officers to enter and search the premises."

In so far as that opinion conflicts with the views herein expressed, it is no longer to be regarded as authority.

For the reasons indicated judgment is reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.