## Coleman v. Commonwealth.

(Decided March 22, 1927.)

## Appeal from Pike Circuit Court.

1. Searches and Seizures.—Where jurisdiction of police court of town is confined, in view of Ky. Stats., section 3710, Acts 1922, c. 33, section 41, Constitution, sections 142, 143 to limits of town, search warrant issued by police judge for searching premises outside of corporate limits of town was unauthorized and void.

2. Intoxicating Liquors.—Statement, in affidavit for search warrant, that third person had told affiant boys had bought liquor from defendant, held insufficient as ground for believing law was being violated, when warrant was issued so as to authorize issuance thereof, unless it was shown liquor was bought so near time as to warrant inference that conditions still existed.

3. Searches and Seizures.—Where defendant had right to assume officer had valid search warrant, his statement to officer to go up to his place and search all he wanted to held under facts, not waiver of objection to invalid search warrant.

4. Intoxicating Liquors.—The offense of unlawfully manufacturing intoxicating liquors like other offenses may be proved by circumstantial evidence.

5. Indictment and Information.—To prove offense of unlawfully manufacturing intoxicating liquors, beside mere possession of still or distilling outfit, there must be proof of facts warranting inference that it is used, or within a year was used, to manufacture intoxicating liquor.

J. C. CANTRELL and FRANK DAMRON for appellant.

FRANK E. DAUGHGERTY, Attorney General, O. A. STUMP, Commonwealth Attorney, and J. P. CUSICK for appellee.

Opinion of the Court by Commissioner Hobson—
Reversing.

Appellant was indicted in the Pike circuit court for
the offense of unlawfully manufacturing intoxocating
liquors.  On the trial of the case he was found guilty and
his punishment fixed at a fine of $300.00 and sixty days
in jail.  The evidence for appellant was obtained by
means of a search warrant under which the officers en-
tered the dugout about a hundred yards from his house,
where they found a still and outfit, seven barrels of mash,
some middlings, etc.  The search warrant was issued by
John Maynard, the police judge of Phelps, a town of the
sixth class.  The place searched was ten miles from
Phelps, and the first question is, did the police judge of
Phelps have jurisdiction to issue a search warrant for
the searching of premises outside of the corporate limits
of the town?  Section 3710, Ky. Stats., which creates this
police court, thus defines its jurisdiction in criminal
cases:

> "Said police court shall have jurisdiction con-
> current with the justices' courts of all criminal cases
> and proceedings; but such jurisdiction shall be con-
> fined to cases occurring within the city, and said
> courts shall always be open for the trial of penal and
> criminal causes."

By section 13, subd. 4 and section 19 of the Criminal
Code, police courts are given concurrent jurisdiction of
prosecutions for misdemeanors committed in the town.
Section 26 provides:

> "A warrant of arrest may be issued by the fol-
> lowing officers, who are called magistrates in this
> Code, viz.: judges of the county courts, judges of city
> or police courts (mayors, chairmen of the trustees
> of towns), and justices of the peace; and may be
> executed by the following officers, who are called
> peace officers in this Code, viz.: sheriffs, constables,
> coroners, jailers, marshals and policemen."

Under this section it has been held that the marshal
of a town of the sixth class may make an arrest anywhere
in the county.  But this is because by section 3629 he is
given "the powers that are now or may hereafter be con-
ferred upon the sheriffs by the law of the state."  This
power is conferred on the marshal, because many offenses

are committed in these towns by persons not living in the town, and if the marshal could only arrest them in the town the execution of the law upon the offender would, in many cases, be unduly delayed. Helm v. Com., 81 S. W. 270, and cases cited. But there is nothing in the statute giving the police court any jurisdiction of offenses committed outside of the town. The search warrant was also a warrant of arrest for the offender, and appellant was arrested under the warrant for having committed an offense ten miles away from the town. The court is constrained to hold that the jurisdiction of the police court being confined to the limits of the town, the search warrant was issued without authority and was void.

While subsection 1, section 2554d, Kentucky Statutes, provides that any judge or justice of the peace may issue a search warrant, this does not mean that a justice of the peace in one county may issue a search warrant to search premises in another county; and the jurisdiction of the police judge being confined to the town limits, he has no more authority to issue a warrant to search premises outside of the town than a justice of the peace has as to a search of premises in another county. By section 41 of the act of 1922, the jurisdiction of police courts is confined to "offenses committed in their respective jurisdictions." The jurisdiction of a justice of the peace is "coextensive with the county," but that of the police judge is confined to "the limits" of the town. (Constitution, secs. 142, 143.)

The affidavit upon which the search warrant was issued states these facts as the basis of the belief of the affiant that appellant had violated the law:

> "The affiant says that Shade Smith told him that Harve Smith's boys had been buying liquor from the said Curtis Coleman; and the affiant states that the said Curtis Coleman bears the name of a bootlegger."

It does not appear when Shade Smith told him this or when it was that Harve Smith's boys bought liquor there. These statements furnish no ground for a belief that the law was violated at that time, unless it was shown that the liquor had been bought there so near the time as to warrant the inference that the condition existed at the time the affidavit was made. Griffin v. Com., 209 Ky. 143.

It is insisted for the commonwealth that appellant waived his objection to the search warrant and cannot complain of its illegality. The officer testified as follows:

> "I told him when we went to leave Jim's—he was down there—Jim lived about two or three hundred yards below him. I says, 'We have a search warrant for your place,' and he says, 'Go on up there and search all you want to; you don't need any search warrant.'"

The other witnesses testify that appellee said, "Go ahead," but do not say that he said more. This, however, is not very material. People who have nothing to conceal are usually willing to show this. To object to a search is usually to place one under the suspicion of having something to conceal. Appellant had a right to assume that the officer had a valid search warrant and was going to execute it. His only purpose probably was to appear innocent. That he consented to the search after he was told that the officer had a search warrant was not a waiver of his right to object to the search; for when he was told that the officer had a search warrant for his place it was idle for him to object. The rule would be different if he had told them to search before he was told that they had a search warrant and were going to search under it, or if the objection was that the officer had searched premises not included in the search warrant. In Mattingly v. Com., 199 Ky. 30, under proof very similar to that here, the court, holding that there was no consent to the search and that the evidence thereby obtained was incompetent, said:

> "To authorize the search of one's premises in the absence of a valid warrant his consent or permission must be voluntary and not compulsory. Where a peace officer presents to a citizen a warrant against him, regular on its face, and reads or offers to read it to him, and the latter agrees for him to proceed under it by a search of the premises, if a search warrant, or by accompanying the officer if a warrant of arrest, it cannot be said that such consent is voluntary. The officer is acting under color of authority, and in agreeing for him to proceed the accused is merely submitting to constituted authority and not agreeing to waive his constitutional rights; indeed, for him to do otherwise might constitute resisting

an officer in the discharge of his duty. Clearly this consent was given under compulsion, and the evidence thereby obtained was inadmissible."

In that case Bruner v. Com., 192 Ky. 386, and Gray v. Com., 198 Ky. 610, were overruled. In the other cases when it is held that the accused consented it did not appear that the officer was acting under a search warrant. Banks v. Com., 190 Ky. 330; Com. v. Meiner, 196 Ky. 840; Howard v. Com., 197 Ky. 297; Richardson v. Com., 205 Ky. 434; Brown v. Com., 208 Ky. 345; Wax v. Com., 214 Ky. 480. Consent cures error. It does not confer jurisdiction. The search warrant was void. Appellant did not know this. He lost no right by what he said on the assumption that the officer had a search warrant.

Whether the evidence was insufficient to warrant a conviction under the rule of Bartley v. Com., 215 Ky. 550, we need not determine, as on another trial the evidence may be different. The offense, like other offenses, may be proved by circumstantial evidence; but beside the mere possession of a still or distilling outfit, there must be proof of facts reasonably warranting the inference that it is used or within a year was used to manufacture intoxicating liquor.

Judgment reversed and cause remanded for a new trial.