## Jones v. Commonwealth.

(Decided December 21, 1928.)

LESTER HOGGE and C. C. CROSTHWAIT for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

J. W. Jones has prayed an appeal from a judgment convicting him of the illegal possession of intoxicating liquor, and fixing his punishment at a fine of $200 and 30 days' imprisonment.

The record discloses that J. W. Fouch, the sheriff of Rowan county, in company with the jailer, searched the premises of appellant and found therein a half gallon of moonshine whisky. The search was made under a search warrant issued on the following affidavit signed by Richmond Tussey: "The affiant, Richmond Tussey, whose post-office address is Morehead, State of Kentucky, states that he is a citizen of Rowan County, and that he has reasonable grounds to believe, and does believe that intoxicating liquors are being sold, manufactured, disposed of or illegally possessed in a house, building, or

premises, owned or controlled by Wess Jones, and described and located as follows: On the Waters of Brushy Fork, joining the farms of Bob Johnson." The affidavit merely states that the affiant has reasonable grounds to believe, and does believe, and so forth. It states no facts supporting affiant's belief, nor does it state facts sufficient to produce in the mind of the judge probable cause to believe that accused possessed intoxicating liquor, and, under numerous decisions of this court, was insufficient to justify the issuance of the search warrant. Keith v. Commonwealth, 197 Ky. 362, 247 S. W. 42; Lakes v. Commonwealth, 200 Ky. 266, 254 S. W. 908; Mattingly v. Commonwealth, 197 Ky. 583, 247 S. W. 938. The warrant being illegal, the evidence obtained by the search was inadmissible and should have been excluded by the court (Carter v. Commonwealth, 197 Ky. 400, 247 S. W. 3; Colley v. Commonwealth, 195 Ky. 720, 243 S. W. 915), unless, as claimed by the commonwealth, appellant consented to the search.

The contention that appellant consented to the search is based on the sheriff's evidence that, after he informed appellant that he had a search warrant authorizing the search of his premises, and offered to read the warrant, appellant said, "Go ahead and search." It is true that this contention finds support in the case of Bruner v. Commonwealth, 192 Ky. 386, 233 S. W. 795; but on the particular point involved that case was expressly overruled by the case of Mattingly v. Commonwealth, 199 Ky. 30, 250 S. W. 105, wherein we held on similar facts that the defendant's consent to search under the search warrant was not voluntary, but a mere submission to the authority of law, and did not waive his right to object to evidence procured by the search on the ground that the affidavit on which the search warrant was based was insufficient. This rule was adhered to in the recent case of Coleman v. Commonwealth, 219 Ky. 139, 292 S. W. 771, where the authorities were all reviewed, and now may be regarded as the settled law of this state. As all the evidence of appellant's guilt was obtained by the illegal search, it should have been excluded, and appellant's motion for a peremptory instruction should have been sustained.

Wherefore, the appeal is granted, and the judgment reversed, and cause remanded for a new trial consistent with this opinion.