# Smith v. Commonwealth.

June 14, 1940.

M. B. Harlan, Special Judge.

W. E. Jones for appellant.

Hubert Meredith, Attorney General, H. Appleton Federa, Assistant Attorney General, and Wilson & Wilson for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On and for some years prior to April 10, 1939, the appellant and defendant below, Brent Smith, operated a pool room in the city of Glasgow, Kentucky, under a license from the city pursuant to the requirements of an

ordinance it had enacted creating the license, and fixing fees to be charged therefor. On the day indicated the city license under which he was operating had been procured by him in the month of June the year before (1938), and extending for one year therefrom, or until June, 1939. However, in March, 1939, the city council of Glasgow enacted an ordinance amending the prior one providing for a licensing of operators of pool rooms within the city limits, and its Section 3 said: ''That hereafter any City License issued to any person, firm or corporation for the purpose of operating a pool or billiard room or hall there shall be printed on the back of said license the following wording: 'In consideration of the City of Glasgow, Ky. issuing a city license to me for the purpose of operating a pool room or billiard hall, I hereby agree that said billiard hall or pool room, and all premises used in connection therewith may be searched by any police officer of the City of Glasgow, Kentucky, at any time without a search warrant and I hereby waive all of my constitutional rights and privileges with reference to search and seizure.' '' A blank attesting clause for licensee's signature was also provided.

On the date first above indicated that amendatory ordinance was in force and the chief of police with three regular policemen went to the pool room of defendant and asked him if he had any whisky in his place of business, which he answered in the negative. The officers, who testified by agreement in the informal methods of affidavits, said that the chief of police then mentioned something about the enactment of the amendatory ordinance and that they wished to test it by searching his premises, when the defendant said: ''Go ahead,'' or ''All right,'' or made some such apparent consenting expression. The search that followed revealed that defendant had stored in different parts of his place of business as much as or more than 200 pints of liquor, the greater portion of which was in a locker, which he opened at the request of the policemen, and the remainder was found under the counter from which he sold cigars, cigarettes, softdrinks, etc., and at other places in the building. The liquor found was confiscated, followed by the issuing of a warrant for defendant by the judge of the city police court, in which he was charged with possessing liquor for sale within local option terri-

tory, and at his trial thereunder in that court he was convicted. He appealed to the Barren circuit court, where a jury was waived, and all issues of both law and fact were by agreement submitted to the Hon. M. B. Harlan, as Special Judge, the regular judge for some cause being disqualified. The agreed Special Judge, after due consideration of the issues of law and fact, concluded that, although the amendatory ordinance was as to defendant ineffectual to dispense (by waiver) with the necessity of a search warrant, and although the officers at the time the search was made had no such warrant, yet the response of defendant made to the officers at the time above outlined should be and it was construed as consent on the part of the defendant to the search and, therefore, the physical evidence developed in making it was competent. That conclusion was, of course, followed by the conviction of defendant in that court. He filed motion and grounds for a new trial which were overruled, followed by his filing the record in this court with a motion for an appeal.

Counsel for both sides, as well as the learned Special Judge, devote much space to a discussion of various legal questions relating to the validity of the search made by the officers in this case, and which, of course, involves their authority to make it. However, as we have seen, the court held, in effect, that the search was unauthorized either by the ordinance or any other law, statutory or otherwise, and in which we concur. In the first place the amendatory ordinance—Section 3 of which we have inserted supra—did not pretend to give it a retroactive effect even if the city council possessed the authority to give it that effect. On the contrary it will be observed that the requirement therein prescribed made it applicable only to city license "hereafter * * * issued to any person," etc. The license under which defendant was operating at the time of the search contained no agreement or consent, (either signed or unsigned by him) for any official search of his premises without a search warrant pursuant to the provisions of Section 10 of our Constitution. It requires no argument to show that the ordinance being so confined to licenses "hereafter" issued the exactions embodied in that amendment did not apply to licenses theretofore issued, and that the city council when it enacted the amendment entertained no such intention. Having arrived at

that conclusion, which is inevitable, it becomes wholly unnecessary to discuss the case of Mansbach Scrap Iron Company v. City of Ashland, 235 Ky. 265, 30 S. W. (2d) 968, so confidently relied on by the prosecution, or to discuss the case of Sullivan v. Brawner, 237 Ky. 730, 36 S. W. (2d) 364, wherein the scope and application of the Mansbach opinion was pointed out, and wherein it differed from the facts involved in that (Sullivan) case. It being unnecessary to discuss any of those questions other authorities cited of similar import to those two cases likewise need not be referred to.

The next question, therefore, for determination is whether or not the learned trial judge properly found from the evidence that the defendant consented at the time the search was made for the officers to make it? Our investigation of the law applicable to that question, in view of the facts adduced, confirms the conviction that the trial judge was in error in so concluding, and which determination on our part is sustained by our opinions in the cases of Duncan v. Commonwealth, 198 Ky. 841, 250 S. W. 101; Mattingly v. Commonwealth, 199 Ky. 30, 250 S. W. 105; Coleman v. Commonwealth, 219 Ky. 139, 292 S. W. 771, and Thomas v. Commonwealth, 226 Ky. 101, 10 S. W. (2d) 606. Of course, the facts in those cases are not precisely on all-fours with those appearing in this one, but they are sufficiently so to make the principles therein determined applicable and controlling here. There were expressions in those cases similar to those attributed to the instant defendant, but they were made by him under circumstances which we interpreted as tantamount to duress, and which could not and were not construed as voluntary consent essential to waive the constitutional protection afforded by the section of our constitution referred to. The reader is referred to those opinions without our analyzing or inserting extracts from them to ascertain their analogy and applicability. If, therefore, there was nothing else in this case except what we have thus far referred to the judgment would have to be reversed.

But the record contains three glaring reasons which disentitle defendant from relying on the invalidity of the search, or rather the admission of what was found thereby as evidence against him. Those three reasons are (1) that he did not object to the officers telling what they found by their invalid search at the time their tes-

timony was introduced; (2) even if he had objected he later in the trial admitted the fact and testified to the finding of liquor in his possession, and (3) defendant did not rely on this ground in his motion for a new trial conceding that he may have reserved his rights during the trial. Because of those three reasons defendant waived all legal objections to the admission of the testimony complained of because by reason (1) he suffered it to be admitted without objection. Because of reason (2) defendant testified in his own behalf without standing on his rights as developed by the commonwealth's testimony, and in his testimony he supplied the necessary proof for his conviction by his own confession, notwithstandig the same proof theretofore given by the prosecuting witnesses was subject to exclusion if he had objected to it. Because of reason (3) he failed to present the error, if one, to the trial court for review, and which had the effect to deprive us from considering it on appeal.

Each of them has been determined by us as indicated in numerous opinions, some of those supporting reason (1) being Drake v. Commonwealth, 10 B. Mon. 225; Galloway v. Commonwealth, 5 Ky. Law Rep. 213; Day v. Commonwealth, 96 S. W. 510, 29 Ky. Law Rep. 816; Idle v. Commonwealth, 148 Ky. 618, 147 S. W. 381, and Wolff v. Commonwealth, 211 Ky. 62, 276 S. W. 1067. Those cases and many others hold that in criminal prosecutions, as well as civil causes, the litigant complaining of the introduction of evidence must object to it at the time it is offered and to except to an adverse ruling on his objections, and if he fails to do so he waives the error of the court in its admission. However, the right to the exclusion of such testimony might be preserved by later moving to exclude it. Defendant, however, pursued neither of such courses and clearly waived the incompetency of the testimony.

Reason (2) is equally as well established by numerous opinions of this court to the effect that a litigant, including a defendant in a criminal prosecution, may— by his testimony given by himself or other witness whom he introduced—supply any defect in the testimony of his antagonist be it the commonwealth in a criminal prosecution, or an individual antagonist in a civil litigation.

But it might be said that this case was tried by

agreement upon a stipulation of facts agreed to by both defendant and the commonwealth, and which itself set out the finding of the liquor by the officers in making the search, and which stipulation was augmented by the affidavits of the officers and that of defendant, which was the only proof he introduced at the trial. He neither objected to the statement in the affidavits of the officers about finding the liquor on his premises, but, as we have seen, stipulated that they did find it, and also stated the same fact in his affidavit. The fact that the proof was heard by agreement in such informal way does not destroy or otherwise affect the legal principle above enunciated. If, however, for any cause reason (1) should not be given decisive effect, then reason (2) clearly deprives defendant of the right to insist on the incompetency of the evidence found by the search. He had the right to not take the stand in his own behalf, or to offer any testimony in his defense, but to rely exclusively on that offered by the commonwealth, and if it was insufficient to sustain the conviction he could urge and rely on his right to a directed acquittal. But instead of obtaining his freedom by walking through the gap in the testimony of the commonwealth he saw proper to put it up, by getting on the stand and thereby closing the avenue of escape furnished by the lack of legal proof introduced by the prosecution.

Again, it might be insisted that the affidavits and the stipulation supra—which was all of the testimony heard upon the trial—were those prepared and introduced at the hearing of some sort of injunctive proceeding which had preceded the trial of the prosecution. If such insistence should be made it might first be answered that the time of the taking or preparing of that testimony could not enter into its materiality on this trial. However, the trial court at the hearing of the motion for a new trial heard additional testimony introduced by agreement through the same informal manner, and defendant at that hearing made the same admissions in his new affdavit prepared especially for that hearing as he had previously done in his affidavit that he introduced at the trial.

For the reasons stated, the motion for the appeal is sustained, the appeal is granted, and the judgment is affirmed.