**Tommy Allen COMBS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 11, 1960.

Rehearing Denied Jan. 27, 1961.

Scott E. Duff, Vernon Faulkner, Hazard, for appellant.

John B. Breckinridge, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Tommy Allen Combs was convicted of knowingly receiving stolen property. KRS 433.290. He was sentenced to serve a year and a day in the penitentiary. It is urged for reversal of the judgment that the court erred in failing to sustain his motion for a directed verdict and in failing to give the whole law of the case.

At the conclusion of the testimony introduced in behalf of the prosecution, appellant moved the court for a directed verdict. It is argued that there was no testimony to corroborate the testimony of the accomplices, that the search was illegal because of a defective affidavit and warrant, and that the tires recovered by the search were not identified as the stolen property and their value was not established.

The proof for the Commonwealth showed that Billy Hager and Herman Sizemore,

each seventeen years of age, broke into the business premises of the Gulf Distributing Company at Darfork and stole thirteen or fourteen new auto tires. They sold all but two of the tires to the appellant. Prior to the theft, the boys had an understanding with appellant that he would buy any tires obtained by them. It was clearly established that appellant knew the tires to have been stolen property when he received them. Before appellant's trial, Hager and Sizemore had been indicted, had pleaded guilty, and had been serving their respective sentences.

■ Troy P. Combs, one of the owners of the Gulf Distributing Company, testified that according to his best recollection seven or eight tires were taken. He fixed the value at $30 to $40 each. Appellant attacks this testimony as being based on information given and not on personal knowledge. On redirect examination, the witness stated that he knew the place had been broken into, the tires had been taken, and the value of the tires. Yancey Amis, a deputy sheriff who assisted in finding four tires where appellant lived, stated that the tires found were identified by the owners of the Gulf Distributing Company as having been stolen from their place of business. The evidence as to identity and value of the tires is unsatisfactory but sufficient.

Jeff Miller and Charlie Stidham, two other deputy sheriffs, and Yancey Amis investigated the break-in and searched the premises where appellant lived. They found four new tires under the floor.

Appellant was not present during the search. He insists that the affidavit and search warrant were defective. It is unnecessary to consider this contention. Miller and Stidham said that they talked with an old man at the premises where appellant lived who identified himself as the appellant's grandfather and as the owner of the premises. Both testified that the old man told them, in substance, to make the search —that they did not need a search warrant. Apparently, the search was made pursuant to the permission granted rather than under authority of the warrant.

■ There are two reasons why appellant cannot complain of the search so made. First, the owner or person in charge of a house at the time a search is made may consent to a search, thus waiving the constitutional guaranty against unlawful search and seizure and rendering competent evidence so obtained provided the consent is voluntary and not coerced. Bruner v. Commonwealth, 192 Ky. 386, 233 S.W. 795; Gray v. Commonwealth, 198 Ky. 610, 249 S.W. 769; Cline v. Commonwealth, 312 Ky. 645, 229 S.W.2d 435. The undisputed testimony of the two officers brings this search within the rule stated. In the second place, the only proof is that the premises searched belong to appellant's grandfather; thus, appellant has no standing to question the validity of the search. Powell v. Commonwealth, Ky., 282 S.W.2d 340; Pruitt v. Commonwealth, Ky., 286 S.W.2d 551. The search was valid and the evidence obtained was competent.

■ Appellant's possession of the tires found under the floor where he stayed and identified as having been stolen was prima facie evidence of his guilt. KRS 433.290. Clatos v. Commonwealth, 298 Ky. 851, 184 S.W.2d 125, 126; Dawes v. Commonwealth, Ky., —— S.W.2d ——. As was said in the Clatos case, " * * * when stolen property is found in the possession of a person, it is incumbent, or the burden is cast upon him to show his lack of guilty knowledge or that he legally acquired the property * * *." Appellant did not testify and no evidence was introduced in his behalf. Thus, the presumption of guilt stands. In the light of Criminal Code of Practice, § 241, governing the necessary corroboration of an accomplice's testimony, proof of appellant's possession of the tires at his place of residence and their identity as stolen property is sufficient to corroborate the testimony of the accomplices. Bowling v. Commonwealth, Ky., 286 S.W.

2d 889. The trial court correctly overruled the motion for a directed verdict.

■ Appellant complains that the court failed to give the whole law of the case, in that the jury was not instructed that the defendant could not be convicted on the evidence of the accomplices alone. Criminal Code of Practice, § 241. It is not error to fail to give such an instruction where, as here, the accused's guilt has been established by independent competent substantive evidence. Sizemore v. Commonwealth, Ky., 262 S.W.2d 817; Magruder v. Commonwealth, Ky., 281 S.W.2d 716.

Judgment affirmed.