Harvey Joe COLE and Bobby Ray Hamilton,
Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 29, 1964.

Earl F. Ashcraft, Irvine, for appellants.

Robert F. Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Mart V. Mainous, Commonwealth Atty., Irvine, for appellee.

WILLIAMS, Judge.

The appellants, Harvey Joe Cole and Bobby Ray Hamilton, were convicted of breaking and entering a storehouse with intent to steal, and were sentenced to two years in the penitentiary. On their appeal they allege the lower court erred (1) in permitting the introduction of incompetent and prejudicial evidence; and (2) in failing to sustain appellants' motion for a directed verdict.

The Commonwealth proved its case as follows: The storeowner testified that his store had been broken into and certain merchandise removed therefrom. Merchandise found in possession of the appellants was identified by the storeowner as his.

A State policeman testified that appellants had been apprehended in an adjoining county in possession of a large quantity of merchandise similar to that which was missing from the store in question.

The sheriff of Clark County (the adjoining county) testified he received a call

from his office that someone was trying to break into a store at Wade's Mill, in Clark County. He drove to Wade's Mill, where he observed broken glass in the door of the store, and a car parked in front of a nearby country church. He heard a shot fired and the light in front of the church immediately went out. Thereupon he drove to the church at the time the other car was leaving. He gave chase, overtook the car, and placed the driver under arrest for operating a motor vehicle without an operator's license. A search of the car revealed the sack of merchandise identified by the State policeman and by the storeowner. The occupants of the car were the appellants.

Appellants' version is that they left Irvine about 2:00 a. m., picked up two hitchhikers who strangely resembled the appellants, and drove them to Richmond. After they alighted the appellants noticed the hitchhikers had left a sack in the car, but were informed that they could keep the sack as payment for the ride. The jury did not believe their story.

■ The evidence of the storeowner and the two peace officers which tended to indicate that another crime had been committed (the breaking into of a store at Wade's Mill) was properly admitted. The circumstances were such that it was virtually impossible to show the apprehension of appellants and the acquisition of the stolen merchandise without connecting it up with the happenings at Wade's Mill. The evidence did not prove the commission of another crime by appellants, but even if it had the two were so linked together in point of time and circumstances that it was necessary to show one in order to prove the other. Thomas v. Commonwealth, 185 Ky. 226, 214 S.W. 929 (1919).

■ Appellants also objected to the introduction of evidence that bags of merchandise were found in the automobile at the time they were apprehended by the sheriff. They state that, since there had been no trial and conviction on the traffic charge, the evidence obtained by the search was illegal and should have been suppressed. This might have been so had not the appellants taken the stand and cured the error of which they complain. The sheriff testified that he arrested appellant Harvey Joe Cole, the driver of the automobile, on the ground that he did not possess an operator's license. Harvey Joe admitted he did not have an operator's license, and stated that the reason he fled from the sheriff was that he did not want to be arrested for not having one. It was unnecessary to prove him guilty of the offense charged when he voluntarily admitted his guilt. Although the Commonwealth's proof was admittedly deficient, the defendant cured the weakness by taking the stand and admitting his guilt of the offense charged against him. We said in Smith v. Commonwealth, 283 Ky. 492, 141 S.W.2d 881 (1940), that a defendant may, by testimony given by himself, supply any defect in testimony of the Commonwealth.

■ Appellants argue that the Commonwealth did not make a case against them because it failed to prove that the storeowner's wife was in fact a part owner of the store and of the merchandise therein. The indictment charged that the store of husband and wife was broken into with intent to steal merchandise belonging to the husband and wife. Only the husband testified it was his store and his merchandise. There could have been no misunderstanding, nor was there failure of proof when it was not shown that the wife had the usual interest in her husband's property. This was not a case where there was a variance between the indictment and the proof of sufficient magnitude that it could be said that the evidence did not conform to the allegations set out in the indictment.

We find no reversible error, and the judgment is affirmed.