## 24554.   TOLBERT v. THE STATE.

SUBMITTED MARCH 12, 1968—DECIDED APRIL 9, 1968—
REHEARING DENIED APRIL 22, 1968.

*John N. Crudup, E. C. Brannon,* for appellant.

*Jeff C. Wayne, Solicitor General, C. Frank Strickland, Jr,. Arthur K. Bolton, Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General,* for appellee.

MOBLEY, Justice.   Charles Oscar Tolbert was convicted of the offense of rape, and sentenced to life imprisonment.   The questions made on his appeal are: (1) the sufficiency of the evidence to support the verdict; and (2) the legality of the admission of testimony of the Sheriff of Lumpkin County relative to the search made by him of the automobile of the defendant and the finding of a marked cough drop box therein, and the introduction of the box in evidence,. over the objection that the search and seizure were accomplished under a void search warrant.

■ The verdict of guilty was amply supported by the evidence.   The victim testified that the crime of rape was committed on her on the night of February 14, 1967, in Lumpkin County.   The individual perpetrating the crime was unknown to her, but she and her escort both identified the defendant as the perpetrator of the crime when he was placed in a line-up the next day.

The testimony showed that: On the night the crime was committed, the victim and her escort, both students at North Georgia College, were in a parked automobile on Crown Mountain, when the defendant drove his automobile up behind them; then moved it and parked it on their left; and after sitting in it a few minutes, moved it and parked it to their right.   Thereafter the defendant got out of his automobile, and came to the

automobile of the victim's escort and placed a blunt instrument (later identified as a pistol) against the window. When the victim's escort rolled the window down, the defendant commanded them to get out. The young man got out, and the victim started to get out also, but the defendant told her to get back in the automobile. He then directed the young man to go behind the automobile and they had a conversation in which the defendant stated that he wanted to talk with the victim, and directed the young man to get in the defendant's automobile. While the young man sat in the automobile of the defendant he placed a cough drop box with his name written on it underneath the seat.

The victim testified that the defendant committed the crime of rape on her, and that she did not resist him because of her fear of the pistol with which he menaced her. When she and her escort returned to the school she went to the school infirmary. The nurse there testified that the victim was dazed and nervous, that the victim told her what had happened, and from her examination of the victim it was her opinion that the victim had had sexual intercourse. The doctor confirmed this opinion, and stated that the victim had related to him what had happened to her. A search of the defendant's automobile disclosed the cough drop box placed underneath the seat by the victim's escort, with his name written thereon.

■ Counsel for the defendant objected to any and all evidence of the results of the search of the automobile belonging to the defendant, on the grounds that the search was unreasonable and illegal, based on a void search warrant, and that the admission of any evidence obtained as a result of this search constituted a violation of the rights of the defendant under the Fourth and Fourteenth Amendments of the Constitution of the United States.

In the preliminary hearing, out of the presence of the jury, on the question of the admissibility of this evidence, the Sheriff of Lumpkin County testified: After receiving the complaint in regard to the rape he obtained a search warrant, and went to the home of the defendant's father, Clutch Tolbert. When he talked with Mr. Tolbert he did not show him the search war-

rant. He told him the information he had and told him that he wanted to look in the automobile, and Mr. Tolbert said, "Well, I do too. Just help yourself, and we'll look at it." He found the cough drop box with the writing on it underneath the seat, and exhibited it to Mr. Tolbert.

On cross examination of the defendant's father, he testified that the defendant was 19, that he furnished a home for the defendant, that the defendant did not rent any space from him, but lived there as a member of his family. He admitted that he told the sheriff to look in his son's automobile to see if the cough drop box was there, but denied that he told the sheriff that he, too, wanted to see if it was there. The automobile of the defendant was parked in the yard of the home of the defendant's father at the time it was searched, and the defendant was asleep at the home of his father. The father was the head of the household, and there was no evidence to show that he was incompetent.

It is unnecessary to consider the sufficiency of the search warrant obtained by the sheriff prior to his search of the defendant's automobile, since he did not exhibit the warrant to defendant's father, but relied on the father's consent for his search.

Counsel have cited no case in this State in point on its facts with the present case, and we have found none. An examination of cases from other jurisdictions convinces us that it is the general rule that the voluntary consent of the head of a household to the search of premises owned or controlled by such head of the household is sufficient to authorize a search of the premises without a search warrant, and such search does not violate the constitutional prohibition against unreasonable searches and seizures.

In People v. Galle, 154 Cal. App. 2d 88 (314 P2d 58), the California Court of Appeal held that evidence was not obtained by an illegal search where a quantity of marijuana was found by officers in a jacket of the defendant hanging in a closet in his home, the circumstances of the search being that the officer came to the defendant's home in his absence and his mother consented to a search of her son's bedroom when the officers

informed her that they had received information that the defendant possessed narcotics.

In Combs v. Commonwealth, 341 SW2d 774, the Court of Appeals of Kentucky held that a search was not illegal which was made pursuant to the permission of the defendant's grandfather, to whom the premises belonged. The search revealed tires stolen by the defendant, located under the floor.

In Gray v. Commonwealth, 198 Ky. 610 (1) (249 SW 769), it was held: "The consent of a householder to the search of the house dispenses with the necessity for a search warrant, so that defendant could not attack the sufficiency of the warrant, nor of the affidavit upon which it was issued, where his mother, with whom he was living, consented to the search, though defendant later objected to the search of his room." See also Morris v. Commonwealth, 306 Ky. 349 (5, 6) (208 SW2d 58); Tomlinson v. State, 129 Fla. 658 (1) (176 S 543); Commonwealth v. Tucker, 189 Mass. 457 (76 NE 127, 7 LRA (NS) 1056); 47 AmJur 548, Searches and Seizures, § 72; 79 CJS 824, Searches and Seizures, § 62.

Would the automobile of the defendant, parked on the premises of his father, not in a space rented by him, but in the yard of the home occupied by the defendant's family, come within the same rule, so as to make the consent of the father of the defendant to the search of the automobile sufficient to authorize a search and seizure? We think so, and hold that the trial judge did not err in allowing the evidence of the search of the automobile and the finding of the cough drop box therein, or the introduction in evidence of the cough drop box with the identifying writing thereon.

*Judgment affirmed. All the Justices concur.*