**Elmon MIDDLETON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 7, 1973.

Eugene Goss, Goss & Forester, Harlan, for appellant.

Ed W. Hancock, Atty. Gen., Thomas A. Ainley, Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

Shortly after midnight on March 19, 1971, Diane's Supermarket and Brown's Grocery at Closplint were broken into and certain property taken. Officers, in the course of their investigation of these break-ins, learned from employees of the stores that at about 3 p. m. on the afternoon before the robberies a light blue 1966 Plymouth automobile with a Virginia li-

cense plate had been observed in the area. The three occupants of the automobile had made purchases at both Diane's and Brown's. Employees of the businesses described the three occupants of this automobile and, as one officer put it, they described Elmon Middleton.

A state trooper acting upon the information gleaned from the store employees went to Smith, Kentucky, where Elmon Middleton lived. He observed an automobile similar to the one described by the witnesses parked in front of the house. He radioed the sheriff's office in Harlan and requested that they get a search warrant and bring it to him. A deputy sheriff went to the county judge, made the affidavit, and the judge issued the warrant. The warrant was taken to the trooper who was waiting at the Middleton home.

The trooper who remained in Smith testified that he had the car under observation until the sheriff arrived with the search warrant. Middleton was not contacted until the search warrant was given to the trooper.

When the trooper exhibited the search warrant to Middleton, he said, "You don't have to have a search warrant to search. Go ahead and search." One trooper testified that almost simultaneously with Middleton's remark, "Go ahead and search," he said, "Wait, let me see your warrant," and after looking at it said, "Go ahead and search."

The officers found a brown coat in the back seat of the automobile in the pocket of which there was a key with a tag attached identifying it by the word "refrigerator." This was the key to a lock on the refrigerator in Diane's Supermarket. No other evidence connecting Middleton with the robbery was found.

Middleton was charged with breaking and entering Diane's Supermarket. Prior to the commencement of the trial, Middleton moved that the court suppress the evidence obtained as a result of the search of the automobile. The court conducted an in-chambers hearing at which time it developed that the search warrant had disappeared. However, the county judge produced the affidavit upon which the warrant had been issued. The court, after considering the affidavit, held that it failed to meet the requirements of probable cause necessary for the issuance of a search warrant and, consequently, any search made pursuant to such warrant was invalid. Although holding the warrant to be invalid, the court overruled the motion to suppress on the ground that Middleton consented to the search and upon the further ground that the officers had probable cause.

■ Consent to a search must be free, voluntary, and without coercion of any type. The fact that an officer exhibits a search warrant and informs one that he is going to search the premises constitutes such coercion as to render a consent given under the circumstances involuntary and the search which follows illegal.

In Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), the Supreme Court said:

"The issue thus presented is whether a search can be justified as lawful on the basis of consent when that 'consent' has been given only after the official conducting the search has asserted that he possesses a warrant. We hold that there can be no consent under such circumstances.

"When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given. This burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority. A search conducted in reliance upon a warrant cannot later be justified on the basis of consent if it turns out that the warrant was invalid. The result can be no different when it turns out that the State does not even attempt to

rely upon the validity of the warrant, or fails to show that there was, in fact, any warrant at all.

"When a law enforcement officer claims authority to search a home under a warrant, he announces in effect that the occupant has no right to resist the search. The situation is instinct with coercion—albeit colorably lawful coercion. Where there is coercion there cannot be consent."

In Jones v. Commonwealth, 227 Ky. 157, 12 S.W.2d 280 (1928), we held that the defendant's consent to search under the search warrant was not voluntary but a mere submission to the authority of law and did not waive his right to object to the evidence procured by the search on the ground that the affidavit upon which the search warrant was based was insufficient.

In Coleman v. Commonwealth, 219 Ky. 139, 292 S.W. 771 (1927), the court held that consent to search, after being told by an officer that he had a search warrant, was not a waiver of a defendant's right to object to the search. The court said:

"Consent cures error. It does not confer jurisdiction. The search warrant was void. Appellant did not know this. He lost no right by what he said on the assumption that the officer had a search warrant."

See also Divine v. Commonwealth, 236 Ky. 579, 33 S.W.2d 627 (1930).

■ We conclude that the "consent" of Elmon Middleton was not free and voluntary but rather one obtained by coercion, that the search of the automobile was illegal, and the fruits of such search not admissible in evidence.

■ As an afterthought, the Commonwealth claimed that it had probable cause, thereby justifying a warrantless search of the automobile. In Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), the court held that even though there may be probable cause for the search of an automobile without a valid search warrant such search would be unconstitutional unless exigent circumstances made it impractical to obtain a warrant. The very fact that the deputy sheriff was able to obtain a warrant, even though void, destroys any assumption that there were circumstances which would permit a lawful search of the automobile without a search warrant.

The introduction of the key with the label "refrigerator" was highly prejudicial to Middleton's defense, as it was the only substantial evidence that implicated him.

The judgment is reversed for further proceedings in conformity with this opinion.

All concur.