JHDGE HARDIN
delivered the opinion op the court.
The appellant, having been tried, convicted of the crime of manslaughter, and sentenced to confinement in the penitentiary for two years, on an indictment for the murder of William H. Woollums, prosecutes this appeal for a reversal of the judgment.
It appears that in a rencounter in the city of Lexington, Woollums was shot by the appellant and killed; and with reference to the facts and circumstances of the killing, as disclosed on the trial, the court, in instructions given to the jury at the instance of the commonwealth, ruled and decided, in substance and effect, the following, among other propositions, as correct expositions of the law of the case:
“ 1. If the defendant killed Woollums willfully with a deadly *678 weapon, not in sudden heat and passion caused by legal provocation, nor in self-defense, the deed was murder, .and the jurysliould so find. The unlawful intent to take life for an instant before the commission of the act is sufficient to constitute the legal malice required to make the killing, murder.
“ 2. If the killing was done without malice, and in sudden heat and passion caused by legal provocation, it was manslaughter; and to reduce the offense from murder to manslaughter the jury must believe, from the evidence, it was committed in sudden heat and passion arising from a legal provocation; and no words or oaths are in law sufficient, provocation to cause or excuse such sudden heat and passion; but that legal provocation can only arise in cases where such words are accompanied by or succeed such an assault made by the deceased on the defendant prior to or at the time of the shooting, as put the latter in real or apparent danger of his life or great bodily harm.
“3. The law allows no one to use any more severe means to repel a threatened injury than are necessary; and if any one, in disregard of this, uses a, deadly weapon in repelling such threatened injury, and death thereby ensues, such killing amounts to murder.”
Waiving the consideration of other rulings of the court, which are questioned as incorrect, but in which we perceive no essential and available error to the prejudice of the appellant, it is only deemed necessary to dispose of certain points of objection to the instructions which are above substantially set out.
So far as the instructions can be regarded as leaving the jury to determine for themselves what would constitute legal provocation, they were not correct according to the decision of this court in the case of Payne v. Commonwealth, 1 Met. 370. But assuming that the court intended to obviate this objection by the explanation, given in one of the instructions, of *679 legal provocation, the question is presented whether, although as a general rule, “ words of reproach, how grievous soever, are not provocation sufficient to free the party killing from the guilt of murder.” (Wharton’s Criminal Law, 436.) Is it true that such “provocation can only arise when such words were accompanied by or succeeded such an assault as to put the slayer in real or apparent danger of losing his life, or of great bodily harm?” We think not. Without resorting for illustration to particular instances mentioned in the argument, we are of the opinion that, however great the provocation must be to lower the grade of the crime from murder, it was erroneous and misleading to so instruct the jury as to restrict it to a state of case constituting an excuse for killing in self-defense. We also regard the suggestion that the existence for an instant before the killing of an unlawful intent to take life as “sufficient to constitute the legal malice required to make the killing murder ” as misleading, and a misapplication of the correct principle that “it is sufficient to constitute murder that it appear that malice existed at the time of the killing, without regard to the time which it had before existed; ” for in every case of manslaughter only the killing is presumed to have been done with an unlawful intent.
The instruction to the effect that in any case the use of a deadly weapon, not in necessary self-defense, whereby death ensues, will constitute murder, was also erroneous. Such use of a deadly weapon is evidence of malice, and may be an essential ingredient in the proof of murder in many cases; but it does not follow that every homicide committed by the use of a deadly weapon, and not in necessary self-defense, is murder.
Wherefore for the errors indicated the judgment is reversed; and the cause remanded for a new trial, and other proceedings not inconsistent with this opinion.