## Perkins v. Commonwealth.

(Decided March 15, 1927.)

### Appeal from Hardin Circuit Court.

1. Assault and Battery—Where Railroad Worker, After Quarrel With Cook, Drew Pistol, and Pursued and Shot at Cook, Court Could Submit Issue of Malicious Shooting (Ky. Stats., Section 1166).—In prosecution of railroad worker for maliciously shooting at camp cook without wounding, made felony under Ky. Stats., section 1166, court could give instruction on malice, where defendant pursued his victim, and then drew pistol and shot at him following quarrel.

2. Assault and Battery—Difference Between Maliciously Shooting at Another and Shooting in Sudden Affray is Based on Difference Between Murder and Voluntary Manslaughter (Ky. Stats., Sections 1166, 1242).—Distinction between malicious shooting at another without wounding, made felony under Ky. Stats., section 1166, and shooting in sudden affray, under section 1242, which is only

misdemeanor, is in principle difference between murder and voluntary manslaughter.

3. Assault and Battery—In Prosecution for Malicious Shooting at Another Without Wounding, Malice May be Shown by Threats or Inferred from Defendant's Actions and Circumstances (Ky. Stats., Section 1166).—In prosecution for crime of malicious shooting at another without wounding, which is felony under Ky. Stats., section 1166, malice may be shown by proof of threats, or may be inferred from actions of accused and circumstances of crime and manner of commission.

4. Assault and Battery—Conviction for Maliciously Shooting at Another Without Wounding Held Sustained by Evidence (Ky. Stats., Section 1166).—Evidence held to sustain conviction of maliciously shooting at another without wounding, made a felony under Ky. Stats., section 1166.

H. L. JAMES for appellant.

F. E. DAUGHERTY, Attorney General, C. E. MORGAN and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Appellant, John Perkins, prosecutes this appeal from a judgment of the Hardin circuit court convicting him of maliciously shooting at another without wounding, denounced as a felony by section 1166, Kentucky Statutes, and sentencing him to confinement in the state penitentiary for one year.

The sole ground urged for reversal is that the trial court erred in instructing the jury under the section, *supra,* of our statutes, upon the theory that the record affords no evidence that appellant was actuated by malice. He insists that the evidence for the commonwealth was sufficient only to make a case against him under section 1242, Kentucky Statutes, for shooting in sudden affray, denounced thereby as a misdemeanor, and carrying as punishment a fine not less than $50.00 nor more than $500.00, or confinement in jail not less than six months nor more than one year, or both.

Appellant and the commonwealth's witness, Lewis Wallace, are colored men and both were working for the L. & N. railroad at Tunnel Hill, Kentucky. Appellant helped to operate a steam shovel, and Wallace was the cook at the camp. The kitchen was located between two other rooms, one of which was the white dining room and the other the colored dining room. A number of white

men were in the white dining room eating dinner. Appellant entered the colored dining room before the gong had sounded calling them to the meal, and seated himself at one of the tables. Wallace testified that he said to appellant, "You can't eat anything until all the hands come in;" and that thereupon appellant jumped up and slapped him; that he thereupon threw a kettle at him; that appellant then drew a pistol and he ran into the white dining room; that appellant followed to the door and there shot at him. Several other witnesses corroborate the cook as to how the difficulty occurred. Defendant's version does not differ materially from that given by the commonwealth's witnesses, except that he stated that the cook started the difficulty by applying a vile epithet to him and stating, "I am going to scald you." He says he then jumped up and grabbed a gun from the table and shoved the cook in an effort to keep the water off of him. All of this occurred in the kitchen, and he does not deny that he followed the cook into the white dining room and there fired a shot at him.

As was said in Cloninger v. Commonwealth, 191 Ky. 814:

"Before one can be guilty of murder, he must be actuated by malice aforethought in doing the acts which result in the death of another. This means that a predetermination to kill, and that without lawful reason, must exist previous to the act of killing, but it is immaterial at what time previously the predetermination was formed, if it existed at the time of the killing. The existence of malice aforethought may be shown, by proof of threats, or may be inferred from actions of the accused, from the circumstances of the crime, and the manner of its commission."

The difference between malicious shooting at another without wounding, denounced as a felony by section 1166, Kentucky Statutes, and shooting in sudden affray, denounced as a misdemeanor by section 1242, is exactly the same in principle as the difference between murder and voluntary manslaughter. In cases of homicide the existence of malice aforethought, the element which distinguishes murder from manslaughter, may be shown by proof of threats; or may be inferred from the actions of the accused, from the circumstances of the crime and the manner of its commission. So malice in a case where

one is charged with malicious shooting at another without wounding may be so shown or so inferred. In cases where the shooting has not resulted in wounding, as in cases where the shooting results in wounding and death, it is immaterial how recently the intention to shoot with intention to kill was formed. It could not successfully be contended if, in this case after following the prosecuting witness from the kitchen to the white dining room, appellant had struck and killed him with the shot he fired that there would not have been sufficient evidence to make it a question for the jury whether in so doing he was actuated by malice aforethought. The weapon he used, the fact that he pursued his victim, the circumstances of the crime, and the manner of its commission were certainly sufficient to authorize the inference that in shooting at the prosecuting witness appellant was actuated by malice. The contention made for him that the record affords no evidence authorizing a submission of that question to the jury can not be sustained.

The instructions, which are not complained of, correctly submitted to the jury the law relating both to malicious shooting and shooting in sudden affray, the former a felony and the latter a misdemeanor, and the evidence sustains the verdict returned by the jury finding appellant guilty of the former.

No error to the prejudice of his substantial rights appearing, the judgment will be affirmed.