## Crawford v. Commonwealth.

June 16, 1939.

J. S. Sandusky, Judge.

E. Bertram, Randall Bertram and Bruce H. Phillips for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

Appellant, Tom Crawford, is appealing from a judgment by which he was sentenced to confinement in the penitentiary for ten years for the malicious wounding of James Castillo, and urges three grounds for reversal, (1) that the evidence was not sufficient to show malice on the part of the accused, (2) error in instructing the jury, and (3) that the punishment inflicted was excessive.

(1) The shooting occurred in the town of Monticello on October 31, 1938, about 9:15 P. M. Earlier in the evening the appellant had a disagreement with his girl friend, Alice Green. Following this disagreement, Alice procured a sawed-off shotgun and appellant procured for himself a full length shotgun. Alice, with her gun, was standing on one of the street corners and appellant was approaching her with his gun when she called to James Castillo, a policeman, who was standing on the opposite side of the street, for help. He started across the street and when he got within ten or twelve feet of her he says appellant said to Alice, "Who is that?" and that she told him, whereupon appellant came up with a shotgun and shot him. Castillo's testimony is corroborated by practically every witness who testifies

in the case, although three other witnesses who actually saw the shooting stated that appellant did not get the shotgun all the way to his shoulder when he shot. When this first shot was fired by appellant, several shot struck Castillo and he fell in the street. He immediately pulled his pistol and fired several shots at appellant, whereupon appellant fired the second shot at Castillo. Only a few shot struck the policeman when appellant fired the first time, but from the second shot fired by appellant, Castillo received the effect of more than 100 small shot.

Appellant testified that he was approaching his lady friend with a shotgun for the purpose of scaring her and that he did not even see Castillo; that when he attempted to raise his shotgun up it was discharged accidentally and he did not know that Castillo had been struck; that he then saw Castillo in the street firing at him with his pistol and then fired the second shot at him in self-defense. He states that he was under the influence of liquor but does not pretend that he was so drunk that he did not know what he was doing. On the contrary, he testifies fully about everything that occurred.

From this statement of the facts it is apparent that there is no merit in appellant's contention that the evidence was not sufficient to show malice on his part. The evidence overwhelmingly establishes that appellant fired the first shot at Castillo deliberately and intentionally. The only evidence to the contrary is his own. It is insisted for him that all the evidence shows that he had not even put the gun to his shoulder. It is true that the witnesses state he had not gotten the gun all the way to his shoulder, but at least four witnesses testify that he came up with the gun and fired just before he got it to his shoulder and it is apparent from their testimony that appellant was firing directly at Castillo. The use of a deadly weapon not in self-defense is evidence of malice. Donnellan v. Commonwealth, 7 Bush 676. Malice may be inferred from the actions of the accused, the circumstances of the crime and the manner of its commission. Perkins v. Commonwealth, 218 Ky. 802, 292 S. W. 498. The evidence was ample for the jury to infer malice on appellant's part even though he and Castillo had been good friends prior to the shooting.

(2) The court gave the usual instructions on malici-

ous wounding, shooting in sudden affray and self-defense, and, in addition thereto, gave an instruction on accidental shooting. No complaint is made as to any of the instructions except the one on accidental shooting, it being contended by appellant that this instruction was insufficient. It is insisted for appellant that his testimony shows he did not draw the gun on Castillo for the purpose of injuring him, but raised it up for the purpose of frightening Alice Green, and that while so doing it was accidentally discharged, and that the instruction should have been predicated upon those facts. We see little merit in this contention. The court did instruct the jury that if they believed the shooting was accidentally done, they should acquit the defendant, and the word "accident" was defined to the jury as meaning an unusual and unexpected happening. It was not necessary for the court to tell the jury that if they believed the gun was discharged accidentally while the appellant was raising the gun for the purpose of frightening Alice Green, they should acquit the defendant. The general instruction on accidental shooting was sufficient. The instruction was somewhat inartificially drawn, but, on the whole, we conclude it was amply sufficient for the purpose, especially when taken with the fact that a separate self-defense instruction was given. By the instructions as a whole, the jury was instructed to acquit the defendant if the shooting was either accidental or done in self-defense.

(3) We find no merit whatever in appellant's claim that the punishment inflicted was excessive. The evidence overwhelmingly establishes the deliberate and willful shooting of an officer of the law engaged in the performance of his duties, and if the jury had inflicted the limit of punishment, 21 years, provided for this crime by Section 1166, Kentucky Statutes, we would not be prepared to say such punishment was excessive under the circumstances shown in this case.

On the whole, it seems that appellant had a fair and impartial trial and that the jury was amply justified in finding him guilty and in fixing the punishment at ten years in the penitentiary.

The judgment is affirmed.