## Branham v. Commonwealth.

Sept. 25, 1945.

W. A. Daugherty and Francis M. Burke for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

Appellant was sentenced to confinement in the State Reformatory for a period of twenty-one years, upon his conviction of manslaughter, growing out of the killing of Matthew Johnson. He assigns but two grounds for reversal of the judgment: (1) The Court erred in failing to admit competent evidence offered by appellant; and (2) the verdict of the jury was flagrantly against the weight of the evidence. We will discuss the points in reverse order.

The evidence for the Commonwealth, eliminating in-

consequential happenings, was to the effect that appellant had had an altercation with one of the Commonwealth's witnesses, Ballard Cable, shortly before the killing of Johnson. At that time, appellant drew a pistol and flourished it in a threatening manner at Cable. No shooting occurred on that occasion. The participants in the altercation parted; appellant walked down Shelby Creek, and Cable walked up another branch, where he met the deceased, Matthew Johnson. Cable and Johnson then proceeded toward the Poplar Club, in the direction Branham had taken. Upon arriving at a country store, they saw appellant sitting in a chair on the porch of the store. As they were passing along the highway in front of the store, appellant intercepted them and asked for a "drink." Cable informed appellant that he had some wine, and appellant suggested that they go to an outbuilding a short distance away and drink it. Johnson followed them, whereupon appellant drew his pistol, ordered Cable to enter the building and Johnson to go back. Neither obeyed the command. Thereupon, appellant shot Johnson, who, according to Cable, "wasn't doing anything, only standing there." This version of the affair was corroborated by the testimony of three other witnesses. The testimony for the defendant was to the effect that Johnson struck at appellant with a knife; and, in defense of his own life, appellant shot and killed the deceased. No knife was found at the scene on the afternoon of the shooting; and although a search was made of the clothing of the deceased, no knife was discovered.

The evidence is conflicting; but a conflict in evidence merely draws an issue to be determined by the jury. According to the testimony for the Commonwealth, the deceased was where he had a right to be, and was manifesting no animosity or belligerency; one witness testifying that Johnson, addressing appellant, said "We was all raised up together, let's be friends." The testimony of these witnesses was sufficient to support a verdict of murder, had such a verdict been rendered. It is obvious that the verdict was not flagrantly against the weight of the evidence.

The other ground urged for reversal is that the Court erred in refusing to permit Bill Johnson to testify that he had found a knife at the scene of the killing at 10:00 o'clock on the day following the afternon the killing

occurred. Even if the finding of the knife after the happening of the difficulty could not be considered to be too remote, in time, to render it competent, still the Court should have sustained the objection, because the knife was not identified in any wise as belonging to the deceased, or as having been in his possession at the time of the difficulty. The mere finding of a nondescript knife at the scene of a shooting, over twelve hours after its happening, is no evidence of the fact that the deceased had a knife in his possession at the time he was killed. That being true, it is unnecessary for us to determine whether the finding of the knife was so remote as to render its admission incompetent.

The judgment is affirmed.