## Powell v. Commonwealth

October 3, 1950.

George K. Holbert, Judge.

Roy E. Graves for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

JUDGE KNIGHT—Affirming.

Appellant was convicted by a jury under an indictment charging him with feloniously shooting and wounding another with intent to kill and his punishment fixed by the jury at 2 years in the penitentiary. He prosecutes this appeal from a judgment based on that verdict.

The testimony of the Commonwealth on which conviction was based was in substance as follows: Appellant and his companion Percy Lashley were observed driving recklessly on the streets of Leitchfield about 6 o'clock p. m. on July 11, 1949, by E. M. Parrigan, night marshal of that town. As they turned a corner noisily, rapidly and "on two wheels," near where Parrigan was standing, he failed in an attempt to stop them but as they drove on he took the license number of their car. He proceeded to a filling station operated by Judge Cash, county judge of Grayson County, to report the matter and to have him issue a warrant for the arrest of the driver of the car. When he arrived at the filling station, the car, bearing the license number he had taken down just previously, was at the station and in it were appellant, who was at the wheel, and Lashley, and he proceeded to arrest them for reckless driving. Judge Cash ordered him to take them to the courthouse and Parrigan got into the car of appellant for the purpose of driving it to the courthouse. He was in the driver's seat with appellant next to him and Lashley next to the door on appellant's right. Parrigan had both hands on the steering wheel and his pistol was in a gun pocket on his right side next to appellant. As he started the car appellant in some way got hold of

the gun and shot Parrigan through the arm, the bullet entering his side and coming out his back. No bones were broken but he was in the hospital for ten days and the use of his arm has been permanently impaired and he still suffers pain from it at times. When he realized that he had been shot, Parrigan got out of the car and when he did so appellant and Lashley drove the car away hurriedly and were arrested several hours later, Lashley still being in the car. Appellant was found lying in the weeds near a road, apparently in hiding. Both appellant and Lashley had been drinking and were drunk when arrested. There was testimony by a state patrol officer, who interviewed appellant shortly after his arrest, that appellant admitted he shot marshal Parrigan and said he did so because he did not want to be arrested. There was also testimony by sheriff Cannon, who had arrested him, that he admitted shooting the marshal and thought he had killed him and that he did so because he had mistreated appellant, although he did not say in what way he had been mis-. treated.

The defense of appellant is based on his claim that he did not intentionally shoot marshal Parrigan but that the shooting was accidental. According to appellant's testimony, when marshal Parrigan got into the car at the filling station to drive it to the courthouse he saw Parrigan look toward the back seat where appellant and Lashley had a fifth of whiskey; that he told Parrigan he had no right to do that without a search warrant; that Parrigan told him to shut up and that he was the law; that when he said this his hand dropped down to his side and appellant thought he was going after his blackjack and appellant reached down with his left hand and both got hold of the gun and it went off; that Parrigan got out of the car saying he was shot but appellant told him "No you are not shot"; that he then took the pistol, unloaded it, threw it several feet away and got back into the car with Lashley and drove out the road, where they were later captured and arrested. He said he told the state patrol officer that the shooting was an accident. He further testified that he had nothing against Parrigan and he did not intend to shoot him. On cross examination he admitted that sometime before this shooting for which he was being tried Parrigan had arrested him for drunken driving.

Appellant asks reversal on three grounds: (1) error in overruling appellant's motion for continuance; (2) the Commonwealth did not prove a felonious "intent" to shoot Parrigan "with intent to kill"; (3) that the court erred in permitting the jury to consider or find appellant guilty of any degree of the offense charged except that of a lower degree, a misdemeanor.

We find no merit in any of these grounds for reversal. Appellant moved for a continuance because of the absence of one of his witnesses and filed his affidavit in support of same. The Commonwealth admitted this affidavit as the testimony of the absent witness and it was read to the jury and the court instructed the jury to consider the affidavit as if the witness had testified in person. This met the requirements of Sec. 189 of the Criminal Code of Practice and justified the court in refusing a continuance on that ground. Furthermore the testimony of the absent witness as embodied in the affidavit was largely cumulative and where this is true we have held that it is not error to overrule a motion for continuance. Greenwell v. Commonwealth, 303 Ky. 78, 196 S.W.2d 884.

It appears to be appellant's contention that it is the duty of the Commonwealth to show by the evidence the state of a defendant's mind and prove a criminal or felonious intent. As expressed in appellant's brief, "As I understand the law 'intent' must be proved * * * not guessed at or presumed." We think there is no such burden on the Commonwealth. Every man is presumed to intend the natural and probable consequences of his acts. Intent is presumed from the nature and consequence of the act and a specific or expressed intent or preparation is not required to be proven. Malice aforethought simply means the doing of an unlawful act without justification or excuse. In the instant case there was ample proof that appellant shot the town marshal to avoid being arrested. Had it been accidental, as he claimed, it seems strange that he hurried away from the scene and hid in the bushes to avoid capture. His theory of the case based on the evidence produced by him was submitted to the jury under well worded and proper instructions and it was the province of the jury to determine from that evidence whether the shooting was accidental, as claimed by him, or was done maliciously or feloniously. In addition to

the instruction on accidental shooting, the court also instructed the jury that if the shooting was done in a sudden affray or in sudden heat and passion and without malice and not in his necessary self-defense they would find him guilty only of the misdemeanor included in the indictment.

Appellant had a fair trial and the jury gave him the minimum sentence for the crime charged. Since the record shows no prejudicial errors that justify reversal the judgment is affirmed.