Arnold VINCENT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 16, 1956.

B. M. Vincent, Brownsville, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MILLIKEN, Chief Justice.

Arnold Vincent was convicted of the voluntary manslaughter of Jack Meredith and sentenced to confinement in the penitentiary for five years. He has appealed the conviction, claiming improper argument on the part of the Commonwealth's attorney and other errors which we will discuss later.

Arnold Vincent lived on a farm with his widowed mother and had rented a small house to Conrad Meredith and wife, Nola. Conrad Meredith, about thirty years of age, had rented the house for about eleven months at the time of the trouble between Arnold Vincent and Jack Meredith. Apparently it was the custom of Jack Meredith, who was forty-nine years of age and a single man, to return to Conrad's home and spend the weekend with Conrad and his family. Shortly after noon on Friday, July 24, 1954, Jack arrived at the home in the car of a friend. The evidence shows that Jack, Conrad, and three or four other men drank a pint of whisky on that occasion. Conrad Meredith was not a tenant farmer and raised no crop or garden of his own on the Vincent place. Conrad and the friends of Jack Meredith drove off in the early afternoon and left Jack on the farm with Nola Meredith, Conrad's wife, and her four-year old child. Arnold Vincent was hoeing a tobacco patch close to the Conrad Meredith house. He stated that he heard Nola cry for help, and that he went around the house and saw Jack Meredith choking Nola.

As is usual in such cases, there is more than one version of what happened. Arnold Vincent claimed that Jack flourished a knife and that he, Arnold, then hit Jack on the left side of the head with the handle of his hoe, not the blade. Nola told an entirely different story. She denied that Jack had molested her or that she had called for help. She said that she arrived home from a trip to Geneva Dickens' where she had paid for some milk, and while she was away her husband, Conrad, had left and Jack had come. She said that Arnold came down to the porch where Jack and she were talking, asked Jack what he was doing there, and told Jack to leave. The three went around to the back porch, and there Jack asked Arnold if he had religion, and Arnold said: "You are dad bumbed right I have." According to Nola, Jack then said: "Praise the Lord." Arnold told him not to say that any more, Jack repeated it, and Arnold hit him on the side of the head with the hoe handle.

There is a conflict of evidence as to whether Jack was left prostrate on the ground or whether he merely fell to his knees. In any event, the blow stunned him, broke the skin, and he bled profusely. Jack later tried to wash off some of the blood, wouldn't allow Nola to help cleanse the wound because it hurt so much, yet there is testimony that an hour or two later he permitted a neighbor woman to wash off the blood and put soot in the wound in an

effort to stay the flow of blood. Jack took dinner with Conrad and Nola that evening, but refused to spend the night in the house and slept in the fields because he said it was too hot in the house. On the next day, Saturday, and on Sunday Jack complained of a headache, but his condition did not cause him to consult a physician until Monday, three days after he was hit. That physician cleansed the wound and tried to arrest the infection which had set in, prescribed medicine for the headache, and told Jack's companions who brought him to the physician's office to see that he was taken to a hospital if his condition was not better on the next day, Tuesday. On Tuesday Jack's condition had deteriorated, and he was taken to the Glasgow hospital where he died on the following Sunday night after being in a coma most of the time he was hospitalized. The testimony does not disclose for sure whether Jack had received a brain concussion from the blow, but both physicians who attended him stated that the blow undoubtedly caused his death.

It is the contention of the defendant that Jack Meredith had followed Nola and her child down the road, had taken the child from Nola, and caused her to come back to the house with him. Nola's version of the incident admitted that Jack did carry the youngster back to the house; that she went back too, then went to the grocery about one-fourth of a mile down the road. At the grocery she told there had been some trouble at her place between Jack and Arnold Vincent, and she didn't want her husband, Conrad, to learn of it because she feared there would be more trouble. There was considerable testimony from neighbors who had seen Jack wandering around after the altercation with Arnold Vincent, and there was some testimony about Conrad Meredith drinking some beer after he had left home. The trial court refused to admit some evidence of no particular value in an effort to keep the witnesses from wandering far afield in their testimony.

■ We have here the admitted blow which medical testimony showed unequivocally was the cause of the death of Jack Meredith. The conflict in evidence between the testimony of the defendant and Nola Meredith was clearly a matter for the jury, and it is by far the most important evidence presented for consideration by the jury.

■ Complaint is made of the argument of the Commonwealth's attorney, an argument which was not transcribed and for that reason is not available. However, it is claimed the Commonwealth's attorney stated that "He (Arnold Vincent) left Jack Meredith prostrate on the ground and went back to hoeing his tobacco." If he did so argue, it merely reflected substantially the testimony of Nola Meredith.

■ Counsel for the appellant complains about the instructions, but cites no authorities to sustain his complaint. We find upon examination of the record that the instructions were those usually given in a murder case in this jurisdiction.

■ So far as the alleged misconduct of the jury is concerned, it is merely detailed in the motion for a new trial, is not supported by affidavits, and, consequently, cannot be considered by this Court. Sessmer v. Com., 268 Ky. 127, 103 S.W.2d 647, 650.

It is our conclusion that the evidence clearly presented the case to the jury, and that the defendant was not entitled to a directed verdict.

The judgment is affirmed.