**Johnny MILLS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 8, 1957.

Rehearing Denied May 3, 1957.

William J. Weaver, London, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

Johnny Mills appeals from a judgment sentencing him to two years in prison for shooting and wounding Clayton Anderson with a pistol. KRS 435.170(1). He asks a reversal of the judgment on the grounds that the court erred: (1) In admitting incompetent evidence; (2) in instructing the jury; and, (3) in permitting the attorney for the Commonwealth to make an improper and prejudicial argument to the jury.

There is sharp conflict in the testimony of the witnesses concerning many aspects of this unfortunate affair. However, all witnesses testified that shortly after Anderson entered the restaurant operated by Mills a heated controversy arose between Mills and Anderson concerning Anderson's conduct in the restaurant. Anderson admitted he had been drinking moonshine whiskey, but denied he was intoxicated. Mills ordered Anderson to leave, but Anderson persisted in continuing the argument. According to the testimony of the witnesses introduced in behalf of the Commonwealth, Mills drew his pistol and fired a shot into the floor, then shot Anderson. Mills testified that he shot Anderson in self-defense after Anderson had cut him with a knife. Mills' version of the affair was corroborated to some extent by the testimony of several witnesses.

Mills urges that the court erred in permitting the Commonwealth to introduce as an exhibit the shirt Anderson had worn at the time he was shot. The purpose of this evidence was to show that the shirt was free of powder burns and thus rebut Mills' contention that Anderson was close upon him with a knife at the time he shot Anderson. Mills also claims it was error to allow Anderson to show the jury where the bullet entered and left his body. We think the court correctly permitted the shirt to be exhibited to the jury because it tended to contradict Mills' plea of self-defense, and was therefore relevant to the issue in the case. The second item was competent for the jury to consider in determining felonious intent.

Mills asserts that the court erred in instructing the jury on the offense of shooting and wounding with the intent to kill, it being contended that there was no proof of intent to kill in this case. The contention is fallacious because felonious intent can be presumed from the nature and consequences of the act and specific or expressed intent is not required to be shown. Powell v. Commonwealth, 313 Ky. 532, 233 S.W.2d 113. Another complaint is made about the self-defense instruction being

vague and indefinite. We have examined the instruction in question and find that the court gave a full and complete concrete instruction upon the accused's right of self-defense. This and the other instructions given contained a correct exposition of the law of this case.

■ In his argument to the jury the attorney for the Commonwealth made several references to the unsavory reputation of Mills' restaurant without specific proof to support such remarks. It is contended that the argument was highly improper and prejudicial.

In the zeal of advocacy, heated remarks are not unusual, and some allowance must be made for the common sense and fair judgment of the jurors. Cooksey v. Commonwealth, 235 Ky. 454, 31 S.W.2d 703. If an attorney in his argument departs from the record and refers to matters not proper for the consideration of the jury, and which are reasonably calculated to inflame animus against the accused, the court may be compelled to interpose to prevent a miscarriage of justice. But we see no merit in the complaint now presented, and are convinced that the casual comment of the Commonwealth's Attorney played no part in the conviction of the appellant. In such cases, it is held that no prejudice to the defendant is apparent, even when it is conceded that the comment was improper. Ratcliffe v. Commonwealth, 231 Ky. 337, 21 S.W.2d 441; Mullins v. Commonwealth, 230 Ky. 624, 20 S.W.2d 442; Hudson v. Commonwealth, 227 Ky. 831, 14 S.W.2d 146; Johnson v. Commonwealth, 225 Ky. 413, 9 S.W.2d 53; Moore v. Commonwealth, 223 Ky. 128, 3 S.W.2d 190; Collins v. Commonwealth, 218 Ky. 189, 291 S.W. 1.

The judgment is affirmed.

BIRD, J., not sitting.