Raymond **TAYLOR**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 17, 1957.

Robert L. Dowell, Edmonton, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb Stewart, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

As a result of a beating administered to his three-year-old step-daughter, Raymond Taylor was convicted of malicious assault with a deadly weapon with intent to kill, KRS 435.170(2), and sentenced to three years in the penitentiary. His principal contentions on this appeal are that the evidence was insufficient to sustain a conviction of the crime charged, and that the instructions were erroneous.

The evidence shows that on at least three different occasions during the day of July 17, 1956, Taylor beat the little girl with a switch or stick about the size of his little finger, and struck her with his hand. An examination the next day disclosed that she had a cut or bruise on the top of her head, both eyes were blackened, both hands were bruised and swollen, there were bruises on her legs, and she had 27 welts or stripes on her back. She was an unhealthy, anemic child, and when examined was found to be in a condition bordering on shock. It appears that Taylor had lost his temper, or as he said, was "mad," because the child had been "wetting her britches."

Taylor maintains that there was insufficient evidence of malice or of intent to kill, to warrant conviction of the particular crime with which he was charged. However, malice may be inferred from a willfully cruel or injurious act, Childers v. Commonwealth, 279 Ky. 737, 132 S.W.2d 81; and intent to kill may be presumed from the nature and consequences of the act, Powell v. Commonwealth, 313 Ky. 532, 233 S.W.2d 113. We think in view of the age and condition of the child, the nature of the weapon used and the manner and frequency with which it was used, and the serious injuries that were inflicted, that both malice and intent to kill on the part of Taylor could reasonably be inferred.

The instructions authorized a conviction if the jury believed beyond a reasonable doubt that Taylor "unlawfully, willfully and feloniously" struck the child "with a club or stick or other instrument, which used by a person of defendant's build and age, and upon a child of the age of 2 years would be reasonably calculated to cause death." This instruction was erroneous in omitting the word "maliciously," Denham v. Commonwealth, 300 Ky. 531, 189 S.W.2d 738; and in omitting the words "with intent to kill," Helton v. Commonwealth, Ky., 244 S.W.2d 762, 766. Also, as concerns the question of whether the stick or switch was a deadly weapon, the instruction should have included the factor of the *manner* of its use. See Honaker v. Commonwealth, 76 S.W. 154, 25 Ky.Law Rep. 675.

In view of the fact that the presence of the elements of malice and of intent to kill was a close question in this case, it clearly was prejudicial to omit these elements from the instructions. The judgment must be reversed for this reason. On another trial the court should be guided by the instruction set forth in Sec. 810 (paragraph 1) of Stanley's Instructions to Juries.

The appellant raises questions concerning the granting of a continuance and a change of venue. Presumably, these questions will not arise upon another trial.

He also complains of the admission of certain evidence. These complaints may be answered as follows: (1) The wife's privilege of not testifying could be asserted only by her, and not by the defendant; (2) there was no error in permitting lay witnesses to give their opinion that a fall from a highchair could not have caused all of the injuries suffered by the child; (3) no prejudice could have resulted from the arresting officer being permitted to testify that he went in search of the defendant as a result of being asked by a neighbor whether "there was anything he could do about a man beating a child up."

The judgment is reversed, because of the errors in the instructions, for further proceedings in conformity with this opinion.