Harold **CLAYPOOLE**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 26, 1962.

Rehearing Denied April 20, 1962.

D. Bernard Coughlin, Maysville, for appellant.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

This is the second appeal of this case. On the former appeal the judgment was reversed because the court erred in permitting the jury to consider incompetent and prejudicial medical testimony concerning the prognosis of the wounded man and the probability of his being able to perform manual labor. Claypoole v. Commonwealth, Ky., 337 S.W.2d 30. Upon retrial appellant was again convicted of maliciously shooting and wounding Leland Edgington with the intent to kill, and was sentenced to prison for seven years. KRS 435.170(1).

In seeking a reversal of the conviction it is urged that the court erred: (1) In overruling the motion for a change of venue; (2) in the method of selecting petit jurors; (3) in allowing the Commonwealth to introduce incompetent and prejudicial testimony; (4) in instructing the jury; (5) in allowing prejudicial argument by the Commonwealth's Attorney; and (6) in excluding the testimony of a certain witness concerning a knife found near the scene of the alleged crime.

In support of the motion for a change of venue there was testimony that the case had received much newspaper and radio publicity, some of which had caused unfavorable comment against appellant, with the result that the prevailing public opinion was so hostile to appellant that he could not obtain a fair trial in Mason County. However, the witnesses who testified in opposition to the motion were also familiar with the state of public opinion in the county and they were of the opinion that appellant could obtain a fair trial in Mason County. Where there is evidence in support and in resistance of the motion the trial judge is vested with a sound discretion in determining the issue and, unless it appears with reasonable certainty there has been abuse of discretion, his decision will not be disturbed. Carnes v. Commonwealth, 306 Ky. 55, 206 S.W.2d 44; Benge v. Commonwealth, 296 Ky. 82, 176 S.W.2d 131.

The publicity given the case was of facts and circumstances which are ordinarily reported by the press and radio in cases of this character. The news articles, which appear as exhibits, do not contain any denunciations of the appellant nor any expressions of an inflammatory nature. These articles merely contained an account of the shooting and a report of the court proceedings in the matter. There are no facts related in these articles which were shown to be erroneous or untrue. During the voir dire examination of the prospective jurors no prejudice against the appellant was developed that was traceable to any unfair publicity given the case. We further observe a jury was promptly selected and accepted by the parties, and that the sentence imposed upon appellant was considerably less than the maximum term the jury was authorized to fix as his punishment. We find no abuse of discretion in overruling the motion for a change of venue and consequently no error was committed by the trial court in this respect. Parsley v. Commonwealth, Ky., 321 S.W.2d

259; Tarrance v. Commonwealth, Ky., 265 S.W.2d 40.

It is contended that certain petit jurors were selected and summoned contrary to law. In considering the procedure employed to obtain petit jurors for the January, 1961—term of the Mason Circuit Court at which appellant was convicted, it is sufficient to say the record reflects that the trial judge complied with the applicable provisions of KRS, Chapter 29.

■■ It is urged that it was error to permit the jury to hear the testimony of a physician that the victim's injury could have caused death and to permit the victim to testify that he was hospitalized for 48½ days as a result of the wound. This testimony was competent as it tended to show the seriousness of the injury, which is a factor for the jury to consider in determining the question of whether the injury was inflicted with intent to kill. Claypoole v. Commonwealth (supra). The trial judge's admonition to the jury as to the purpose of this testimony was sufficient to obviate any possible prejudice to the appellant.

■■ It is contended that appellant was entitled to a directed verdict of acquittal because the evidence was insufficient to support a finding of malice and intent to kill. The fact that the appellant and the victim had quarreled violently shortly before appellant fired two shots at Edgington, one of which caused a serious wound in his hip, is sufficient evidence from which the jury could infer that the shooting was done not only maliciously but also with intent to kill. Taylor v. Commonwealth, Ky., 302 S.W.2d 378; Powell v. Commonwealth, 313 Ky. 532, 233 S.W.2d 113. Moreover malice may ordinarily be inferred from the circumstances, and the use of deadly weapons warrants an inference of malice. Childers v. Commonwealth, 279 Ky. 737, 132 S.W.2d 81. Appellant's contention that he was entitled to an instruction on assault and battery is unavailing for the reasons given in Claypoole v. Commonwealth, (supra).

■ Appellant's counsel objected to the following remarks of the prosecuting attorney during his summation to the jury:

"* * * I tell you that Harold Claypoole left the Fourth Street Tavern that night with the intention in his mind of hunting down Leland Edgington and shooting him like you would a dog. That is what it amounts to and as he lay in the dirt of January Street, with his life blood flowing out of him, he looked up to Harold Claypoole and asked him not to shoot again."

The contention that such remarks were made to inflame the jury and were prejudicial is not convincing since there was testimony which justified the simile. Nor do we consider the statement to be inflammatory under the circumstances disclosed by the record. Young v. Commonwealth, Ky., 335 S.W.2d 949; Vincent v. Commonwealth, Ky., 295 S.W.2d 806.

■ The evidence introduced in behalf of the Commonwealth established that appellant had shot and wounded Leland Edgington at approximately 9:30 p. m. on a public street in Maysville. Appellant testified that he shot because Edgington had previously threatened to kill him and was advancing upon him in a hostile manner with something shiny in his hand which he "guessed" to be a knife. In support thereof appellant's counsel attempted to show by Mrs. Rilla Gilbert that she had found a knife near the place of the shooting about 9:30 the next morning. The trial judge sustained the objections of the Commonwealth's Attorney and refused to permit her to testify about finding the knife on the grounds that "there was no showing of any knife in the hands of Edgington at the time of the shooting and the fact that the knife was found many hours later on a widely traveled street made the finding of the knife so remote as to remove it from the res gestae rule, and to render its admission improper." The judge further observed that the question of whether Mrs.

Gilbert's testimony was competent had been raised on the former appeal of this case and had not merited comment in the written opinion delivered by the Court of Appeals.

In our prior opinion in this case, as it relates to the trial judge's refusal to permit Mrs. Gilbert to testify, we stated "There are other alleged errors in this record which should not recur in the course of another trial." The alleged errors included the refusal of the trial judge to permit Mrs. Gilbert to testify because she had violated the order of the trial judge by remaining in the courtroom during the trial. We assumed that this would not happen upon a retrial of the case and, consequently, we did not reach the question of whether Mrs. Gilbert's testimony about finding the knife was competent.

Although there was testimony to the effect that Edgington was armed with a knife there was no evidence presented as to the ownership of the knife found by Mrs. Gilbert, nor was it established that this knife was the same weapon which appellant claims Edgington possessed during their affray. Nevertheless, we believe appellant's testimony (although denied by Edgington) entitled him to introduce the testimony of Mrs. Gilbert concerning the knife she found. We recognize that upon somewhat analogous facts Branham v. Commonwealth, 300 Ky. 459, 189 S.W.2d 675, enunciated a contrary rule. However, this rule was relaxed to some extent in Tarrance v. Commonwealth, Ky., 265 S.W.2d 40, and it is now the consensus of the court that the rule expressed in the Branham case is unsound and will no longer be followed although the trial judge cannot be criticized for having adhered to it.

While there is also a serious question as to whether the finding of the knife twelve hours after the shooting was so remote as to render Mrs. Gilbert's testimony about it incompetent, we have decided that the time element under the circumstances presented does not so impair its probative value as to make it inadmissible as a matter of law.

In reaching this conclusion we have resolved the doubt as to its admissibility in appellant's favor since it lends credence to his claim of self defense. Maxwell v. State, 94 Ga.App. 625, 95 S.W.2d 767. It follows that appellant was entitled to have the jury weigh the probative value of Mrs. Gilbert's testimony. Although the question is not directly before us, we observe that the evidence in the record does not justify the introduction of the knife found by Mrs. Gilbert as an exhibit under the decision in Hall v. Commonwealth, Ky., 276 S.W.2d 441.

The judgment is reversed, with directions to set it aside and to grant appellant a new trial.

PALMORE and WILLIAMS, JJ., dissenting.