**Otha Vernon ATWOOD, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 6, 1970.

Cabell D. Francis, Ben K. Wilmot, Stanford, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Otha Vernon Atwood was charged with murder in the killing of Frank Rousey,

was convicted of voluntary manslaughter, and was given a five-year sentence. He appeals from the judgment of conviction. His grounds of error are (1) the evidence showed that the shooting grew out of the commission of a felony by Rousey, which fact exonerates Atwood; (2) the court should have instructed on involuntary manslaughter and on accidental shooting; and (3) the evidence did not sustain a conviction of voluntary manslaughter but on the contrary showed a clear case of self-defense.

Atwood, 49 years of age, for several years had kept company with Wilma Lee Carey, a divorcee, who with her children lived in the rural home of her aged parents. One of the children was a 15-year-old girl, Carolyn Jo. Rousey, age 25, lived with his wife in a nearby home.

On the night of the killing, around 10 p. m., Rousey came to the Carey home and signaled to Carolyn Jo from outside with a flashlight beam, whereupon she went out in the yard to meet him and they engaged in sexual intercourse (as they had on many previous occasions). Atwood arrived at the home, by car, at or about the time the intercourse was completed. According to Carolyn Jo she had gone back into the house without being aware that Atwood had arrived. According to Atwood, after he got out of his car he saw Carolyn Jo and a man standing near a back corner of the house, "grabbing like they was fighting." As he walked toward the back of the house, Carolyn Jo went into the house and the man disappeared from view. When Atwood neared the house the man, who had concealed himself behind a chimney, jumped out and "hit me with something across the arm." He then identified the man as being Rousey. The two men engaged in a hand fight for a time, and then Rousey left the scene and went "down in the field," saying that "I'm going to kill you." Shortly he came back "with a gun or knife or something in his hand." Atwood told him to stop, but he continued to approach, and Atwood then fired a shot to

"scare him but he come on." When Rousey was only about three or four feet away Atwood shot him through the heart. No weapon was found on or near Rousey's body or anywhere in the vicinity.

■ Atwood's contention that he should be exonerated because he killed Rousey while the latter was in the commission of a felony is predicated on the proposition that in engaging in sexual intercourse with Carolyn Jo, Rousey was committing *statutory rape*, and that the killing grew out of his commission of that felony. Support for the argument that this fact should exonerate Atwood is sought to be found in an annotation in 12 A.L.R.2d at 210, on the question, "Homicide in commission of felony where the killing was the act of one not a participant in the felony." The annotation does not furnish the desired support because the cases annotated deal with the situation where *someone other than the felon* is killed. The cases do not touch the situation where, as in this case, it is the felon himself who is killed. The true law applicable to the situation here involved is that the fact that a person is engaged in the commission of a *nonviolent* felony is not a justification for killing him. Commonwealth v. Beverly, 237 Ky. 35, 34 S.W.2d 941. And of course in any event any justification or exoneration would have had to rest on a claim by the defendant that he did the killing by reason of the decedent's felonious act; here, the defendant claimed only self-defense.

■ Appellant's second ground of error, that he was entitled to instructions on involuntary manslaughter and accidental shooting, is wholly without merit in view of his testimony that he intentionally shot Rousey, at a distance of only three or four feet, in self-defense. See Jones v. Commonwealth, Ky., 311 S.W.2d 190.

■ Appellant's third ground of error is that the evidence did not justify the verdict. Part of his argument on this point seems to be that there was no showing of

homicidal intent. The answer to that is that the showing that the killing was done with a deadly weapon was sufficient on which to base a finding of homicidal intent. Pittman v. Commonwealth, Ky., 242 S.W.2d 875; Claypoole v. Commonwealth, Ky., 355 S.W.2d 652. The rest of the argument on this point appears to be that the evidence conclusively established a case of self-defense. Obviously it did not, if only from the fact that no weapon of any kind was found in the area, which fact was a basis for not believing Atwood's story that Rousey returned to the scene with "a gun or knife or something in his hand." In connection with the appellant's third ground of error he makes some complaint of the self-defense instruction, but that complaint is not well taken because it is not embraced within the statement of questions presented in the brief and because the point was not raised in the trial court. See Hartsock v. Commonwealth, Ky., 382 S.W.2d 861.

The judgment is affirmed.

All concur.