**OHIO RIVER SAND COMPANY, Inc.,**
**Appellant,**

**v.**

**COMMONWEALTH of Kentucky,**
**Appellee.**

Court of Appeals of Kentucky.

May 14, 1971.

J. D. Buckman, Jr., Shepherdsville, for appellant.

John B. Breckinridge, Atty. Gen., William Bryan Martin, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

The appellant, Ohio River Sand Company, Inc., was indicted on March 4, 1969, for maintaining a public nuisance in that the company habitually and continuously did unlawfully cause dust, filth, refuse and waste and other things to be put into the air, atmosphere, streams and waters rendering them offensive and polluted.

The case was tried on December 3, 1969, and the company was found guilty and fined $1.00 and cost. Following the entry of the verdict, the trial court permanently enjoined the company from maintaining the nuisance. From that judgment this appeal is prosecuted. We are of the opinion the judgment should be affirmed.

Appellant relies upon four grounds on which it insists the judgment should be reversed. They are as follows:

1. The trial court erred in failing to sustain appellant's motion for a change of venue.

2. The trial court erred in not sustaining a motion to dismiss based on the grounds that KRS 224.010, etc., abrogates the common-law offense of nuisance where the facts constituting the offense also violate the statute.

3. The trial court erred in permitting certain photographs introduced as evidence when said photographs were obtained subsequent to the indictment and copies of them were not furnished appellant prior to their offer in evidence.

4. The trial court erred in not sustaining a motion for a directed verdict on the grounds that appellant's operation was a normal one in that it did not produce pollutants in any greater quantity than other similar operations.

We will deal with the foregoing contentions in their respective order.

1. The trial court erred in failing to sustain appellant's motion for a change of venue.

Whether or not a change of venue should be allowed is within the sound discretion of the trial court and unless that discretion is abused this court will not disturb the judgment. Tinsley v. Commonwealth, Ky., 283 S.W.2d 362. Appellant alleged in its motion that it could not receive a fair trial in Bullitt County because the facts of the case were well known to the prospective jurors and the Louisville Times had, on June 6, 1969, and again on July 3, 1969, published inflammatory articles thereby creating a general prejudicial opinion in the minds of the public. The motion also alleged that one of the chief witnesses for the Commonwealth, Nancy Strange, was Clerk of the Bullitt Circuit Court. Appellee filed counteraffidavits which denied the contentions of appellant and placed in issue those facts shown which appellant relied on for a change of venue. The trial

court considered the affidavits and counteraffidavits and determined that appellant could receive a fair trial in Bullitt County. We are not disposed to disturb this finding.

■ 2. The trial court erred in not sustaining a motion to dismiss based on the grounds that KRS 224.010, etc., abrogates the common-law offense of nuisance where the facts constituting the offense also violate the statute.

The substance of appellant's contention in this respect is that KRS 224.010, etc., abrogates the common-law offense of public nuisance where the acts constituting the nuisance are prohibited by the statute. Conceding for the purpose of argument that the acts for which appellant was prosecuted in this action violate the pollution statutes, we still do not believe the statute abrogates the offense of public nuisance. KRS 224.100 provides:

"KRS 224.010 to 224.060, 224.080 and 224.100 shall not be construed as repealing any of the laws of the Commonwealth relating to the pollution of the waters thereof or any conservation laws, but shall be held and construed as ancillary and supplementary thereto, except to the extent that the same may be in direct conflict with KRS 224.010 to 224.-060, 224.080 or 224.100."

We believe this section is conclusive that the legislature did not intend to abrogate the common-law remedies. We have held that the intention to abrogate the common law will not be presumed and that the intention to repeal it by statute must be clearly apparent. Miller v. Scott, Ky., 339 S.W.2d 941. Repeal by implication has never been looked upon favorably by the courts. Ruby Lumber Co. et al. v. K. V. Johnson Co., 299 Ky., 811, 187 S.W.2d 449.

■ 3. The trial court erred in permitting certain photographs introduced as evidence when said photographs were obtained subsequent to the indictment and copies of them were not furnished appellant prior to their offer in evidence.

Appellant contends that certain photographs introduced by the witness, Wilbur Strange, were improperly admitted in evidence as they did not fairly and adequately report the conditions existing at the time of the indictment because they were made subsequent to the indictment. The witness testified that even though the photographs were taken subsequent to the date of the indictment they fairly and adequately represented conditions existing at that time. In any event, we do not find where appellant objected to their introduction at the time they were offered in evidence. Its failure to properly object constituted a waiver of its right to later complain. Smith v. Com., 283 Ky. 492, 141 S.W.2d 881. The record reveals that, when the photographs were first proffered and before they were marked for identification and offered in evidence, appellant did object. Following this objection the photographs were properly marked and identified and tendered in evidence at which time no objection was made. The record is not clear as to the basis of appellant's objection at the time it was made. In any event, the trial court did nothing more at this time than permit the photographs to be marked as exhibits. Since no objection was made at the time the photographs were offered in evidence, appellant cannot now be heard to complain of this point.

■ 4. The trial court erred in not sustaining a motion for a directed verdict on the grounds that appellant's operation was a normal one in that it did not produce pollutants in any greater quantity than other similar operations.

It is insisted in support of this contention that appellee failed to rebut appellant's testimony that the plant was run in a normal fashion with the same production and acting in a similar manner to similar plants across the country and the fact that the jury only fined the appellant $1.00 in itself showed that the jury had reasonable doubt as to appellant's guilt. We know of no authority and appellant cites none that

would authorize this court to conclude that a jury had a reasonable doubt as to guilt merely because it assessed a small penalty. To draw such conclusion merely upon the basis of the size of the penalty would appear to be grossly speculative. We likewise believe appellant's contention that this plant's being operated in a normal manner will excuse it as a matter of law to be without merit. The fact that one is performing an act in a manner similar to others will not excuse the act nor render it noncriminal.[1] Every person is presumed to intend the natural and probable consequences of his acts and no specific or expressed intent or purpose is required to prove the act criminal. Powell v. Commonwealth, 313 Ky. 532, 233 S.W.2d 133; Perkins v. Commonweatlh, 218 Ky. 802, 292 S.W. 498.[2]

█ In addition to the foregoing contentions appellant also raises the issue that parties should not be permitted to maintain a nuisance action when they moved to the site of the nuisance after it was already in existence. He buttresses this contention by claiming that five of the Commonwealth's seven witnesses moved to the site after the Kenlite plant had begun operation. In support of this contention, appellant cites Louisville and Jefferson County Air Board v. Porter, Ky., 397 S.W.2d 146. It is true that in this case we held that the buyer of property assumes the risk of changing conditions in the community. However, this was the case where the property had not been physically damaged or rendered uninhabitable. The rule applicable to the situation presently before us is set out in Curry v. Farmers Livestock Market, Ky., 343 S.W.2d 134, p. 138, wherein it is stated: "It has been held that the purchaser of property affected by an existing nuisance is not estopped to complain of it, though the circumstance may be considered as a factor in determining the equities of the case." For a statement of the general rule in this respect see Prosser on Torts, 3rd ed., p. 636. In any event this is a rule that applies to a civil proceeding for the recovery of damages. We do not believe it can reasonably be applied to a criminal prosecution such as the one here before us.

The appellant makes a similar argument in his brief that the verdict is not sustained by the evidence. However, nowhere in this argument does he contend that the evidence was that of a private nuisance and not a public nuisance. He makes the specific contention that it was not sustained because the fine of $1.00 conclusively shows that the jury had a reasonable doubt as to guilt and the evidence is not sufficient to show that the defendant intentionally committed the acts complained of. We have previously answered these contentions.

Judgment affirmed.

MILLIKEN, C. J., and EDWARD P. HILL, Jr., PALMORE and REED, JJ., concur.

STEINFELD, J., concurs in the result only.

NEIKIRK, J., dissents, saying: In my opinion the trial court should have sustained appellant's motion for a directed verdict at the conclusion of the Commonwealth's proof. No public nuisance was established.

---

1. The test in measuring either civil or criminal liability in nuisance proceedings is not what others with similar operations are doing or what is customary in the trade or industry. It is the result of the actions of this particular defendant on this occasion. For the principle involved see C. D. Herme, Inc. v. R. C. Tway Company, Ky., 294 S.W.2d 534.

2. There appears to be a serious issue concerning whether the defendant created merely a private nuisance or committed the common-law criminal offense of creating a public nuisance. This issue, however, was not raised in the trial court nor was it raised on this appeal. Hence, we do not consider it.