**Richard Allen PENNINGTON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 31, 1972.

Laurence T. Gordon, Madisonville, for appellant.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Special Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Chief Justice.

Appellant Richard Allen Pennington was convicted of two counts of assault and battery and of destroying or damaging personal property. He was sentenced to serve one year in jail on one count of assault and battery, one year in jail and a $500 fine on the other charge of assault and battery, and a fine of $500 for damaging property. The court ordered that the sentences be served consecutively. On this appeal Pennington charges the trial court committed error in refusing to instruct the jury that his intoxication, when he committed the crimes, could be considered in mitigation of punishment; that the sentences resulted in cruel and unusual punishment; and that it was error to try the charges jointly. We affirm.

Pennington, while drunk, became incensed at the operator of an automobile service station and assaulted him, inflicting some slight facial injury. The operator departed; whereupon, Pennington extensively damaged some of the service-station equipment. Shortly thereafter, probably within about one-half hour, Pen-

nington resisted police officers as they attempted to arrest him and he engaged in a kicking episode as the officers drove him to jail. One officer's finger was fractured when he attempted to subdue appellant. Pennington told the jury that he had consumed a large quantity of wine and beer and was so drunk that he did not know or realize what he was doing. He claimed that he remembered little of the occurrences.

■ Appellant does not contend that he was entitled to a specific instruction that his drunkenness could excuse the commission of the crime, however, he argues vigorously that he was entitled to an instruction that the drunkenness should be considered in mitigation of punishment. Many of our cases have dealt with the subject of instructions when there was voluntary drunkenness on the part of the accused. See Stanley's Instruction to Juries, Vol. 3, p. 118, Sections 847 and 848 and the footnotes. See also Roberson's New Kentucky Criminal Law and Procedure, p. 105, Section 70. We are referred to and know of no case holding that a specific instruction should be given for the purpose of authorizing mitigation of punishment because of voluntary drunkenness. We are unwilling to say that such an instruction should be given under these circumstances.

■ The court decided that the sentences should be served consecutively following the penitentiary sentence Pennington was serving when he was sentenced on the current convictions. He complains that being imprisoned for two years and fined $1,000 for these crimes is cruel and unusual punishment, forbidden by constitutional fiat. He argues that the penalty is disproportionate to the crimes. He cites Workman v. Commonwealth, Ky., 429 S.W. 2d 374 (1968), in which we held that so much of sentences which denied the right to parole meted out to two juveniles of tender years, who were convicted of rape, was cruel and unusual punishment. We see no analogy. Cornelison v. Common-

wealth, 84 Ky. 583, 2 S.W. 235 (1886), held that a three-year sentence for assault and battery with a cowhide, without serious injury, was not cruelty. In Crawford v. Commonwealth, 279 Ky. 224, 130 S.W.2d 17 (1939), we said that ten years' imprisonment for maliciously wounding a police officer was not excessive in view of the statute which fixed twenty-one years as the maximum penalty. A penalty of twelve years was approved in Biggs v. Commonwealth, 313 Ky. 44, 229 S.W.2d 955 (1950), Biggs having maliciously cut and wounded a police officer. It is our opinion that Pennington was not dealt with too harshly by constitutional standards or at all.

■ The final argument is that it was impermissible to try the three charges jointly. Pertinent rules are the following:

*"Rule 6.18. Joinder of Offenses.*

Two or more offenses may be charged in the same information or two or more offenses whether felonies or misdemeanors, or both, may be charged in the same indictment in a separate count for each offense, if the offenses are of the same or similar character or are based on the same acts or transactions connected together or constituting parts of a common scheme or plan."

*"Rule 9.12. Consolidation of Offenses for Trial.*

The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants, if more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information."

Pennington contends that the charge of damaging personal property is similar to the other charges and that none of them is connected or constitutes a part of a common scheme or plan. The charges grew out of closely related events, all occurring within a very short period of time. Whether charges should be tried separately

**620**

or jointly lies within the sound discretion of the court and where they are " * * * of the same or similar character or were based on transactions connected together", a joint trial is proper. Brown v. Commonwealth, Ky., 458 S.W.2d 444 (1970). We find no abuse of discretion on the part of the trial court in overruling the appellant's motion that the charges be tried separately.

The judgment is affirmed.

All concur.